623 F.2d 1239
 James N. McGOWAN, Plaintiff-Appellant,
v.
David C. WILLIAMS, Gordon E. Herbert, Steve Finney, Yellow
Cab Company, a Foreign Corporation, Junis Echols,
and Chicago Transit Authority, a
Municipal Corporation,
Defendants-Appellees.
 No. 79-2541.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 22, 1980.
Decided June 27, 1980.
 
 Michael P. Casey, Chicago, Ill., for plaintiff-appellant.
 Thomas P. Sullivan, U. S. Atty., Daniel C. Murray, Asst. U. S. Atty., Chicago, Ill., for defendants-appellees.
 Before CUMMINGS, PELL and BAUER, Circuit Judges.
 BAUER, Circuit Judge.
 
 
 1
 This tort suit was filed in state court and later removed by the United States Attorney to federal court under the provisions of the Federal Drivers Act, 28 U.S.C. § 2679(b)-(e). The issue here is whether the suit is time-barred because removal occurred after the applicable statute of limitations had run. We hold that the suit was timely because it was initially filed within the limitations period even though that filing occurred in state court. We therefore reverse the judgment of the district court.
 
 
 2
 * On January 12, 1977, plaintiff-appellant James N. McGowan was allegedly injured in a collision involving a Yellow Cab taxi, a Chicago Transit Authority bus and an automobile driven by United States Secret Service Agent David C. Williams. McGowan was informed on the night of the accident that a Government vehicle was involved in the collision.
 
 
 3
 On January 6, 1978, six days prior to the running of the state statute of limitations for filing a lawsuit against the Chicago Transit Authority, McGowan filed an action in Illinois state court against the above-named defendants. Three days later, on January 9, 1978, plaintiff filed an injury claim for $101,000 with the United States Secret Service pursuant to the Federal Tort Claims Act.[1] On January 26, 1978, the Secret Service sent McGowan a letter by registered mail advising him that his administrative claim had been denied and that he was entitled to institute a suit in the appropriate United States District Court not later than six months from the date of the letter.[2]
 
 
 4
 On July 25, 1978, one day short of the six month period, plaintiff voluntarily dismissed his state court suit with leave to file an amended complaint. On the following day McGowan filed an amended complaint in state court identical to the original complaint.[3] A default judgment was entered against defendant Williams on October 25, 1978. On that day the United States Attorney for the Northern District of Illinois filed his appearance in the case. The United States Attorney also filed a motion to vacate the default judgment entered against Williams, a certification that Williams was acting within the scope of his employment at the time of the accident, and a petition for removal of the matter to federal district court. On November 1, 1978, the state court vacated the default judgment entered against Williams and removed the case to federal district court.
 
 
 5
 Following the removal of McGowan's suit to federal district court, the Government filed an answer and moved for dismissal of the federal defendant. The Government asserted that the district court lacked subject matter jurisdiction because the action against the federal defendant was barred by the statute of limitations of the Federal Tort Claims Act, 28 U.S.C. § 2401(b). The Government argued that could plaintiff's action have been filed timely only if it was filed in federal district court no later than July 26, 1978, six months from the denial of the administrative claim made on the Secret Service. The Government argued that, in filing his action in state court, plaintiff chose the wrong forum in which to bring his suit and therefore the action could never have been timely filed under Section 2401(b).
 
 
 6
 The district court ruled that the Federal Drivers Act,[4] which governed plaintiff's action, permitted suits against federal employees to be filed initially in state court. Even though the suit was filed in state court within six months of the denial of plaintiff's administrative claim, the court held that since it was not commenced in federal court during that period it was barred by Section 2401(b). Pending appeal of its ruling to this court, the lower court stayed its order remanding plaintiff's claims against the non-federal defendants to state court.
 
 II
 
 7
 The Federal Drivers Act, 28 U.S.C. § 2679(b)-(e), is part of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. The statute of limitations for that Act, 28 U.S.C. § 2401(b), provides that a tort claim against the United States is barred "unless action is begun within six months after . . . notice of final denial of the claim by the agency to which (the claim) was presented." Plaintiff filed a claim in state court within six months of the denial of his administrative claim. No suit existed in federal court, however, until October 25, 1978, when the Government filed its Notice of Filing of Petition for Removal. The issue here is whether plaintiff's suit, filed within six months in state court, satisfies the limitations period for purposes of the Federal Drivers Act. We hold that it does.
 
 
 8
 The Federal Drivers Act makes an action against the United States government the exclusive remedy against a federal driver involved in an accident while operating a motor vehicle within the scope of his employment. 28 U.S.C. § 2679(b). The Act grants tort immunity to the individual defendant, but only if he was acting within the scope of his employment at the time of the accident. Id.; see Jones v. Polishuk, 252 F.Supp. 752 (E.D.Tenn.1965). Since the scope of employment in issue might not be finally determined until trial, Congress was concerned that a plaintiff would be remediless because the state statute of limitations might bar a subsequent state suit. Thus Congress provided that if upon motion before trial the district court rules that the driver's conduct at the time of the accident was not covered by the Act, the proceeding "shall be remanded to the State court" so that the plaintiff can proceed against the driver in his individual capacity. 28 U.S.C. § 2679(d). As stated in the Senate Report,
 
 
 9
 The express recognition of a right to have a case remanded for further proceedings in the State court in the event of a determination that there is a no remedy within the meaning of subsection (b) assures the continuity of the proceeding so that the applicable statute of limitations will not run and have the effect of barring a remedy against the individual driver where he is found not to be entitled to the protection contemplated in this bill.
 
 
 10
 S.Rep.No.736, 87th Cong., 1st Sess. (1961) reprinted in (1961) U.S.Code Cong. & Admin.News, 2784, 2788.
 
 
 11
 Although the remedy against the United States is exclusively federal, Congress anticipated that state suits would continue to be filed. Section 2679(c) of the Act therefore directs the Attorney General to defend a federal driver in a civil proceeding "in any court." 28 U.S.C. § 2679(c). The statute also requires, however, that any state suit "shall be removed . . . to the district court upon certification by the Attorney General that the defendant employee was acting within the scope of his employment" at the time of the accident. Id. § 2679(d). Thus, once the Attorney General verifies that the federal employee acted within the scope of his employment at the time of the accident, the provisions of the Tort Claims Act apply and plaintiff's state court suit is deemed a tort action brought against the United States. 28 U.S.C. § 2679(d); Henderson v. United States, 429 F.2d 588, 590 (10th Cir. 1970); Santoro v. United States, 229 F.Supp. 707, 708 (N.D.Ill.1964). The Attorney General's certification means that the plaintiff can no longer sue the driver in his individual capacity; thus, the United States becomes the only proper defendant to the suit. 28 U.S.C. § 2679(d); Smith v. United States, 328 F.Supp. 1224, 1226 (W.D.Tenn.1971); Hoch v. Carter, 242 F.Supp. 863, 866 (S.D.N.Y.1965); Perez v. United States, 218 F.Supp. 571, 572 (S.D.N.Y.1963). If, on the other hand, the district court finds that the federal driver was not acting within the scope of his employment at the time of the accident, the United States can no longer be liable. The action must then be remanded to state court where it is to be recommenced against the federal driver in his individual capacity. 28 U.S.C. § 2679(d); Van Houten v. Ralls, 411 F.2d 940, 942 (9th Cir.), cert. denied, 396 U.S. 962, 90 S.Ct. 436, 24 L.Ed.2d 426 (1969); Vantrease v. United States, 400 F.2d 853, 855 (6th Cir. 1968).
 
 
 12
 The provisions of Section 2679(d) expressly protect a plaintiff from the tolling of his state's statute of limitations in the event of an adverse ruling in the federal district court. The district court here, however, held that while a plaintiff's state rights are protected, his federal rights are not. According to the Government, no federal suit exists until the date of removal, which depends entirely upon the actions of the Attorney General. Since the Attorney General certified that the federal employee was acting within the scope of his employment at the time of the accident, plaintiff has no state remedy. But since the Attorney General did not remove the action until after the federal statute of limitations had run, plaintiff will have no federal remedy either.
 
 
 13
 The unfortunate result of the district court's ruling is that a plaintiff who first initiates suit in state court is without any remedy at all if removal is not effected until after the federal statute of limitations has run. To avoid such an inequitable result, all the courts which have considered the issue have held that the original date of filing is effective for the purposes of the statute of limitations provided by 28 U.S.C. § 2401(b). Henderson v. United States ; Whistler v. United States, 252 F.Supp. 913 (N.D.Ind.1966); Reynaud v. United States, 259 F.Supp. 945 (W.D.Mo.1966). Some courts have reached this result by considering the original state suit to be one against the United States even before removal, thereby complying with the federal statute of limitations by operation of law. Henderson v. United States, 429 F.2d at 590; Reynaud v. United States, 259 F.Supp. at 946. We do not think we must resort to such a legal fiction; we agree that this result follows "(f)rom a practical standpoint and from a realistic interpretation of the intention of Congress in its enactment of § 2679(b)-(d)." Whistler v. United States, 252 F.Supp. at 915.[5] As stated in Whistler,
 
 
 14
 (w)hile the statute has rendered futile such attempts to sue individual employees and to litigate federal tort claims in the state courts, it has not in some mystical way abolished the bringing of such actions. . . . Congress did not intend to eliminate all the legal effects of the bringing of actions against individual employees in state court. If the bringing of such an action were ineffective for all purposes, then that action could not be removed as provided in subsection (d) or defended by the Attorney General as provided in subsection (c). The bringing of such action in state court, therefore, must at least be effective to give the action status as a claim that can be removed and subsequently litigated, (and) must also be effective for purposes of determining whether it was brought within the period of the statute of limitations provided by 28 U.S.C. § 2401(b).
 
 
 15
 Id.
 
 
 16
 In addition, unless the date of filing of a state suit is effective to determine the application of the statute of limitations, the timeliness of the suit will turn on the date of removal. That date is determined by the actions of the United States and is totally out of the control of the plaintiff. We do not suggest that the U. S. Attorney here acted in a dilatory manner. But we do not think that Congress intended to allow the United States to "sandbag" plaintiffs.
 
 
 17
 In arriving at its decision, the district court placed great reliance on our opinion in Steele v. United States, 599 F.2d 823 (7th Cir. 1979). We agree with the district court's assessment of our holding there but disagree with the court's application of Steele here. While brought under the Federal Tort Claims Act, Steele did not involve the special provisions of the Federal Drivers Act. Our admonition that the statute of limitations ought to be given a mechanical application, 599 F.2d at 829, is not violated by our decision here since plaintiff's administrative and legal claims were both admittedly filed within the statute of limitations period. Steele dealt only with the time of filing, not the place; we hold here only that the place of filing may be state court under the Federal Drivers Act.
 
 
 18
 The Government further urges that Rule 15(c) of the Federal Rules of Civil Procedure bars the result reached here.[6] It is the Government's view that a finding that the United States can be considered a party to an action dating back to its original filing in state court deprives the United States of notice of the suit within the time limitation of Section 2401(b) as required by Rule 15(c). The statute itself, however, makes a federal driver the agent for service of process for the United States. Section 2679(c) provides that an employee sued in state court
 
 
 19
 shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.
 
 
 20
 Therefore, since the record reflects that the driver here received proper notice of plaintiff's action within the time limitation of Section 2401(b), the United States may be deemed to have had notice.
 
 
 21
 We therefore find that an action brought against a federal driver in state court within the time limitation of 28 U.S.C. § 2401(b) is timely for purposes of the Federal Tort Claims Act when the action is removed to federal court pursuant to Section 2679. We reverse the judgment of the district court and order the reinstatement of plaintiff's federal claim and remand for further proceedings consistent with this opinion.
 
 
 22
 REVERSED AND REMANDED.
 
 
 
 [1]
 28 U.S.C. § 2675(a) provides in part:
 An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.
 
 
 [2]
 As provided for in 28 U.S.C. § 2401(b); see discussion infra
 
 
 [3]
 Plaintiff did this ostensibly to fulfill the literal requirements of 28 U.S.C. § 2401(b), which provides that an action must be begun "within six months." We express no opinion as to whether plaintiff's dismissal and refiling of his complaint was necessary to comply with § 2401(b)
 
 
 [4]
 28 U.S.C. § 2679(b)-(e), referred to as the Federal Drivers Act, grants tort immunity to federal drivers involved in accidents while operating motor vehicles within the scope of their employment. Subsection (b) provides:
 (b) The remedy against the United States provided by section 1346(b) and 2672 of this title for injury or loss of property or personal injury, or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.
 
 
 [5]
 The Government argues that Whistler and its progeny have outlived their usefulness since the 1966 amendments to the Federal Tort Claims Act, see Act of July 18, 1966, Pub.L. No. 89-506, §§ 2, 7, 80 Stat. 306, 307 (1966) (Legislation requiring prelitigation presentation of a federal tort claim to the appropriate federal agency). Since the 1966 amendments did not alter the language of Section 2679(c), (d) of the Federal Drivers Act, on which Whistler et al. rely, we reject this argument
 
 
 [6]
 Rule 15(c) governs the amendment of pleadings in regard to the substitution of parties and sets the criteria for allowing the substitution of a plaintiff or defendant which would relate back to the original filing date of a suit