**Raymond TAZELAAR, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 82 C 6143.**

United States District Court, N.D. Illinois, E.D.

March 23, 1983.

Ray H. Rittenhouse, John P. Biestek & Assoc., Arlington Heights, Ill., for plaintiff.

Robert T. Grueneberg, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Raymond Tazelaar ("Tazelaar"), a civilian employee of the United States Air Force, sued Jacob Washington and Bernard Grant in the Circuit Court of Cook County, Illinois, alleging that their negligence caused a vehicular collision in which Tazelaar was injured on January 16, 1981. The defendants' removal petition was granted pursuant to 28 U.S.C. § 2679(d),[1] since both defendants were certified as federal employees acting within the scope of their employment at the time of the incident. This Court subsequently granted the United States' motion to be substituted as the proper party defendant, pursuant to 28 U.S.C. § 2679(d) which provides that lawsuits against federal employees acting within the scope of their employment suits be brought against the United States. Presently before the Court is the United States' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative for summary judgment pursuant to Fed.R.Civ.P. 56. For reasons set forth below, the government's motion to dismiss is granted.

On March 15, 1983, Tazelaar's counsel filed a motion for leave to file instanter a response to the government's motion and a motion to remand[2] notwithstanding this Court's order of January 21, 1983, whereby plaintiff was required to file his response on or before February 18, 1983. Counsel's sole explanation for the delay of nearly one month was that "Plaintiff's Response and accompanying Memorandum required thorough research into certain constitutional issues. Although, Plaintiff was diligent in the preparation of his Response and Memorandum the same was not filed until March 15, 1983."

Local Rule 13(b) of the United States District Court for the Northern District of Illinois states that

1. 28 U.S.C. § 2679(d) provides that:

Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. *Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection* (b) of this section is not available against the United States, the case shall be remanded to the State court.

2. 28 U.S.C. § 2679(d) indicates that civil actions involving federal employees acting within the scope of their employment commenced in state courts shall be removed to federal court. *See* note 1, *supra.* Remand under § 2679(d) is proper only when the government driver is found to be acting outside the scope of his or her employment at the time of the incident. *Kelley v. United States,* 568 F.2d 259, 266 n. 5 (2d Cir.1978), *cert. denied,* 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978); *Van Houten v. Ralls,* 411 F.2d 940, 942 (9th Cir.1969), *cert. denied,* 396 U.S. 962, 90 S.Ct. 436, 24 L.Ed.2d 426 (1969). Accordingly, Tazelaar's motion to remand is denied.

Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, *but the court on its own motion or that of a party may strike the motion or grant the same without further hearing.* Failure to file a reply memorandum within the requisite time shall be deemed a waiver of the right to file.

(Emphasis supplied). Not only did Tazelaar not file within "the requisite time," but he also did not seek an extension of time within which to file his response.[3] The rules of this district do not permit one to evade the requirement of timely filing by submitting, after the date that pleadings are due, a motion to file the pleadings "instanter." As Judge Posner recently observed in a case where counsel sought to file "instanter" an overdue brief before the Seventh Circuit, granting motions that do not comply with the time limits provided for in rules of the court "only increases the number of frivolous motions filed in this Court, wastes the time of judges and staff attorneys, and delays the disposition of many appeals." *Connecticut General Life Ins. Co. v. Chicago Title & Trust Co.,* 690 F.2d 115, 116 (7th Cir.1982). *See also In the Matter of William J. Harte,* 701 F.2d 62 (7th Cir.1983), where counsel in *Connecticut General* was reprimanded for his noncompliance with the rule governing the time for filing briefs. There should be no lesser standard for compliance with the timely filing rules of this Court.[4] We therefore decline to consider

Tazelaar's response to the government's motion to which we now turn.

In considering motions to dismiss, the allegations of a complaint must be viewed in a light most favorable to the plaintiff. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).

The Federal Drivers Act, 28 U.S.C. § 2679(b)–(e) operates to protect government drivers from personal liability on claims arising from vehicular accidents occurring during the course of their employment. 28 U.S.C. § 2679(b); *Stewart v. United States,* 503 F.Supp. 59, 61 (N.D.Ill. 1980), *aff'd,* 655 F.2d 741 (7th Cir.1981). Thus, an action against the United States government is the exclusive remedy against a federal driver involved in an accident while operating a motor vehicle within the scope of his or her employment. *McGowan v. Williams,* 623 F.2d 1239, 1242 (7th Cir. 1980). Such an action would be brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). *Wollman v. Gross,* 637 F.2d 544, 547 (8th Cir.1980), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981). However, the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8116(c)[5] provides the exclusive remedy for a federal employee injured while acting in the scope of his or her

---

**3.** Local Rule 13(c) provides for such an extension:

> The court may by order excuse the filing of supporting answering and reply briefs and may shorten or extend the time fixed by this rule for the filing of briefs.

**4.** We are not unmindful of the exigencies of the private practice of law. Certainly we do not wish to aggravate the costs of litigation and exacerbate burden of the litigator by stating categorically that all motions to file "instanter" will be viewed unfavorably. It may very well be cost and management efficient to move to file "instanter" a pleading which is a day or two overdue. But, on the other hand, little can be said in defense of the attempted "instanter" filing one month after a filing deadline which plaintiff did not seek to extend.

**5.** 5 U.S.C. § 8116(c) provides, in pertinent part, that

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

employment. Thus, a federal employee may not sue the government under the FTCA. *Noga v. United States,* 411 F.2d 943, 945 (9th Cir.1969), *cert. denied,* 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92 (1969); *Van Trease v. United States,* 400 F.2d 853, 855 (6th Cir.1968); *Boyer v. United States,* 510 F.Supp. 1081, 1082 (E.D.Pa.1981). Accordingly, the tortious liability of the government for its employees has been eliminated. *Smith v. Rivest,* 396 F.Supp. 379 (E.D.Wis. 1975).

In the instant case, Tazelaar was injured while acting within the scope of his employment as a civilian employee of the U.S. Air Force. Therefore, Tazelaar's exclusive remedy for injuries is under the FECA, and he cannot sue the United States under the FTCA.[6]

Accordingly, the government's motion to dismiss is granted. It is so ordered.

---

**6.** Tazelaar's proffered response asserts essentially that the substitution of the United States as party defendant and dismissal of this lawsuit under 5 U.S.C. § 8116(c) violates his rights to due process and equal protection. Although, for the reason discussed earlier in this opinion, we are not formally considering the constitutional arguments in Tazelaar's proffered response, we believe that they lack merit. Notwithstanding these arguments, a number of circuits have reached the identical result that we reach today. Moreover, *Noga v. United States,* 411 F.2d 943 (9th Cir.1969), *cert. denied,* 396 U.S. 941, 90 S.Ct. 104, 24 L.Ed.2d 92 (1969), rejected the argument that a construction of the Federal Drivers Act which barred common law recovery against the United States deprived a plaintiff of due process of law. *Id.* at 945. That court was, however, not presented with the issue of whether the insulation of federal drivers from a common law right of action denied a plaintiff due process, since Noga did not sue the driver of the vehicle.