Lillian **STAPLE**, Plaintiff-Appellant,

v.

**UNITED STATES of America, Southern California Rapid Transit District, Pedro Luis Perez and Deborah Ann Lambert, Defendants-Appellees.**

No. 82–5790.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 1983.

Decided Aug. 17, 1984.

---

Franco A. Baratta, Mackey & Rozanski, Los Angeles, Cal., for plaintiff-appellant.

James R. Sullivan, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before FLETCHER and NELSON, Circuit Judges, and MUECKE,* District Judge.

MUECKE, District Judge:

Lillian Staple filed this tort suit in state court against an individual employee of the federal government. The Attorney General removed it to federal court and substituted the United States as defendant pursuant to the Federal Drivers Act, 28 U.S.C. § 2679(b)–(e) ("Drivers Act"). We must first decide whether the action was properly dismissed in federal court on the ground that Staple filed it in state court before exhausting her federal administrative remedy. We must then determine whether the suit is time-barred because removal occurred after the statute of limitations for actions against the United States had run. We answer both questions in favor of federal jurisdiction and reverse.

---

* Honorable C.A. Muecke, Chief Judge, United States District Court for the District of Arizona, sitting by designation.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of a traffic accident on May 19, 1980, involving, among others, Staple and United States Postal Service ("USPS") employee Russell Lowrey. Staple pursued her claim against Lowrey in three ways. First, she filed a tort action on July 22, 1980, in Los Angeles County Superior Court, naming the USPS and Lowrey as defendants. Second, she filed an administrative claim with the USPS on October 9, 1980, which was denied on January 9, 1981. Third, she filed a separate suit in federal court against Lowrey and the USPS on July 9, 1981. The district court dismissed that action because Staple failed to name the United States as a defendant, as required by 28 U.S.C. § 2679(a). Staple did not appeal from that order.

Staple continued to prosecute her remaining claim in state court. On January 19, 1982, she finally served Lowrey with a copy of the Summons and Complaint. On May 18, 1982, the Attorney General, pursuant to the Drivers Act, certified that Lowrey was acting within the scope of his employment at the time of the accident. *See* 28 U.S.C. § 2679(d). Accordingly, the case was removed to the United States District Court for the Central District of California and the United States was substituted for Lowrey as defendant. *Id.* On June 17, 1982, the United States moved to dismiss the removed action. It claimed that the district court lacked subject matter jurisdiction because Staple had not submitted her claim to the USPS before filing suit in state court. The district court granted the government's motion on July 12, 1982. Staple appeals.

## I. EXHAUSTION OF ADMINISTRATIVE REMEDIES

A tort claimant is required by 28 U.S.C. § 2401(b) (1982) to present his or her claim against the United States to the appropriate federal agency within two years of the date it accrues. An action may not be commenced against the Government on the claim until the agency has disposed of it, or six months have passed and the agency has not acted. 28 U.S.C. § 2675(a). Here, Staple brought her state court action against driver Lowrey, in his individual capacity, several months before she filed a claim with the USPS. But the suit was not removed to federal court, and the United States substituted as defendant, until well after the USPS denied her claim. We must decide whether the district court was correct in holding that on these facts the exhaustion requirement of section 2675 deprived it of subject matter jurisdiction. We reverse.

■ We decline to extend the exhaustion requirement of section 2675(a) to state court suits against an individual. A plaintiff may be unsure about pursuing her administrative remedy against the United States because she is uncertain whether the driver was acting within the scope of his employment. Accordingly, section 2401(b) gives her two years to present her claim to the appropriate agency. During that period, however, a careful plaintiff may nonetheless wish to file a state court action; by doing so, she ensures that, if the driver is ultimately found to have acted outside the scope of his employment, a state forum is still available under the applicable state statute of limitations. We do not believe that the filing of such an action, during the period which section 2401(b) gives plaintiff to pursue her administrative remedy, violates section 2675.

It follows that the issue of federal court jurisdiction under section 2675(a) does not arise until after removal to district court, for only there does the action become one against the United States. Here the Attorney General's certification and removal of the state court action occurred well after the USPS denied Staple's claim on January 9, 1981, thereby exhausting plaintiff's administrative remedy. We hold, therefore, that jurisdiction under section 2675(a) is determined as of the date that the Attorney General removes the suit to federal court, rather than the date the plaintiff files the action against the driver in state court.

## II. STATUTE OF LIMITATIONS

Since the Drivers Act is part of the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), the applicable statute of limitations is 28 U.S.C. § 2401(b). That provision states that a tort claim against the United States must be brought within six months after denial of the claim by the appropriate agency. This limit is jurisdictional. *Mann v. United States,* 399 F.2d 672 (9th Cir.1968). As we have already noted, Staple filed her suit in state court against an individual. The Attorney General did not remove that action and substitute the United States as defendant, however, until well over six months after the USPS had acted. The government now argues that Staple's claim in federal court is time-barred under section 2401(b). We disagree.

■ The Drivers Act allows a plaintiff who is involved in an accident with a federal driver acting in the scope of his employment to sue the United States in federal court. 28 U.S.C. § 2679(b). The remedy provided by the Drivers Act may be pursued through two avenues. First, a plaintiff may bring a direct action against the United States in federal court. To comply with section 2401(b), however, the suit must be filed within six months of the agency's denial of the administrative claim.[1] Second, the Attorney General is empowered to defend a federal driver who is sued as an individual in state court by certifying that the driver was acting within the scope of his employment at the time the accident occurred. 28 U.S.C. § 2679(c), (d). Upon such certification, the Attorney General must remove the state action to federal court where the proceedings shall be "deemed a tort action brought against the United States ..." 28 U.S.C. § 2679(d). The issue we face is whether section 2401(b) also requires this removal and substitution of parties to occur within six months of agency disposition of the administrative claim.

■ *McGowan v. Williams,* 623 F.2d 1239 (7th Cir.1980), presented this precise question. There the court noted that the United States, not the plaintiff, decides whether to certify that a driver-defendant acted in the scope of his employment. *Id.* at 1242. Once certification takes place, the plaintiff can no longer proceed in state court; the situs of the lawsuit moves to federal court, where the United States becomes the only proper defendant. *See* 28 U.S.C. § 2679(d). The court decided that Congress did not intend to make the timeliness of the suit under section 2401(b) turn on the date of removal. Otherwise the government could "sandbag" a plaintiff by waiting to certify the action until after the limitations period. *Id.*

To support its analysis of congressional intent, *McGowan* noted that the Drivers Act expressly protects plaintiffs from the running of the state statute of limitations in the case of improper certification by the Attorney General. If at trial the district court disagrees with the Attorney General on the scope of employment issue, the United States can no longer be liable. Section 2679(d) provides that in such cases the district court must remand the action to state court where it can be continued against the individual driver. A remand "assures the continuity of the proceeding so that the applicable statute of limitations will not run ...." *Id.* at 1242 (*quoting* S.Rep. No. 736, 87th Cong., 1st Sess., *reprinted in* 1961 U.S.Code Cong. & Admin.News, 2784, 2788). *McGowan* recognized the anomaly of reading the Drivers Act to protect plaintiffs from state statutes of limitation in cases of improper certification, while subjecting them to the running of the federal statute of limitations when the action was properly certified. *Id.* at 1242. The court concluded that the original date of filing should be effective under both state and federal law. *Id.* at 1242. We agree. The place of filing may be state court for the purpose of applying section 2401(b) to the

---

**1.** Staple in fact filed an action in federal court on July 9, 1981, exactly six months after the USPS denied her administrative claim, but the suit was dismissed because she failed to name the United States as defendant. *See* 28 U.S.C. § 2679(a).

certification and removal procedure of the Drivers Act.[2] *Id.* Staple's action is therefore timely.

REVERSED AND REMANDED.

**2.** Our approval of *McGowan* does not extend to its analysis of the applicability of Fed.R.Civ.P. 15(c). Under Rule 15(c), an amendment changing a party relates back to the original date of filing only if the substituted party received notice "within the period provided by law for commencing the action against him." The Drivers Act provides that the driver is considered the agent of the United States for service of process. 28 U.S.C. § 2679(c). *McGowan* found that the requirements of Rule 15(c) were satisfied because in that case the driver received proper notice of plaintiff's action within the time limitation of section 2401(b). *McGowan,* 623 F.2d at 1244. Here, however, Staple did not serve Lowrey with notice of the state court suit until over 12 months after the USPS denied her administrative claim. Therefore, under the rationale of *McGowan,* Staple's action could not proceed in federal court because the substitution of the United States as a party did not relate back to the original filing of the state court complaint.

In our view, however, federal rules do not apply until a case is removed to federal court. *McGowan* itself held that the Attorney General, after deciding to certify and remove the state court action, cannot sandbag the plaintiff simply because she did not file suit against the United States in federal court within the limitations period. Likewise, we decline to allow him to "sandbag" the plaintiff because she did not

name or serve the United States in the state court suit according to federal standards. First, Drivers Act cases do not involve the amendment of a complaint to add a party under Rule 15(c). By deciding to certify the state court action against the driver, the Attorney General chooses to have the United States deemed a party by law. *See* 28 U.S.C. § 2679(c). Second, nothing in the Drivers Act requires that the United States be served with notice of a state court suit against an individual before removal to federal court yet within the limitations period. To hold that the driver-defendant in state court is the agent for service of process on the United States, even before the action is certified as one against the United States, would create an unwarranted legal fiction. In this case, the Rule 15(c) analysis would simply raise anew the substantive bar of the federal statute of limitations, albeit through the vehicle of the Rule's service of process standards. We decline to find a rule of procedure more compelling than the federal statute of limitations. *Cf. Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (directing federal courts sitting in diversity to follow a state statute of limitations instead of a federal rule of procedure where the decision determined the outcome of the case).