**Grace CHAMBLY, Plaintiff,**

v.

**Alberta M. LINDY and Postal Service, Defendants.**

**Civ. No. 83–800.**

United States District Court,
N.D. Indiana,
Hammond Division.

Feb. 4, 1985.

Jo Anne Tapocsi, Valparaiso, Ind., for plaintiff.

Andrew B. Baker, Jr., Asst. U.S. Atty., Hammond, Ind., for defendants.

## ORDER

MOODY, District Judge.

The plaintiff, Grace Chambly, brings this action against Alberta M. Lindy, an employee of the United States Postal Service, and against the United States Postal Service, to recover for injuries she allegedly received when she and defendant Lindy were involved in an automobile accident on December 7, 1981. The action was filed on December 7, 1983 in Porter Superior Court. The plaintiff filed an administrative claim with the United States Postal Service on the same date. The Porter Superior Court case was removed to Federal District Court by the United States on December 29, 1983.

Following removal to Federal District Court, and pursuant to the provisions of § 2679(d) of Title 28, United States Code, the United States Attorney certified that Alberta M. Lindy was within the scope of her employment by the United States Postal Service on December 7, 1981 when the

accident took place. The plaintiff's exclusive remedy therefore became an action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2679(b)–(e).

On February 7, 1984 the United States moved the Court to dismiss the action for lack of jurisdiction and failure to exhaust administrative remedies. In retrospect, it is clear that the plaintiff should have responded with evidence that she was pursuing her administrative remedies and requesting a stay. Instead, she was silent. The Court granted the government's unopposed motion on March 13, 1984, acknowledging that there is no federal jurisdiction until the administrative agency has made a final disposition of the case. The plaintiff filed this motion asking the Court to reconsider its order of dismissal on June 12, 1984. In the motion, the plaintiff indicates that her administrative remedies were exhausted on or about June 7, 1984—six months after she filed her claim with the U.S. Postal Service. I reconsider the earlier dismissal in light of this new development.

## DISCUSSION

### 1. THE FEDERAL DRIVERS ACT

The Federal Drivers Act establishes that an action against the United States government is the exclusive remedy against a federal driver involved in an accident while operating a motor vehicle within the scope of his employment. 28 U.S.C. § 2679(b). However, no tort action may be brought against the United States unless the claim is first presented in writing to the appropriate federal agency and finally denied. 28 U.S.C. § 2675(a); *Tazelaar v. United States*, 558 F.Supp. 1369, 1371 (N.D.Ill.1983). Such an action is barred unless it is presented in writing to the federal agency within two years after it accrues, or within six months after mailing of notice of final denial of the claim by the agency. 28 U.S.C. § 2401(b).

### 2. ADMINISTRATIVE CLAIM WAIVER

The provisions of 28 U.S.C. §§ 2675 and 2401(b), which require both filing and final disposition of an administrative claim before instituting a tort claim suit against the United States, are jurisdictional prerequisites to suit in Federal District Court. *Staple v. United States*, 740 F.2d 766, 769 (9th Cir.1984); *Binn v. United States*, 389 F.Supp. 988, 991 (E.D.Wis.1975). Even so, under certain circumstances where failure to comply with the specific dictates of the statutory provisions was not due solely to the plaintiff's disregard of these provisions, courts have found jurisdiction. *McGowan v. Williams*, 623 F.2d 1239 (7th Cir.1980); *Van Lieu v. United States*, 542 F.Supp. 862 (N.D.N.Y.1982). *See also Staple v. United States*, 740 F.2d 766 (9th Cir.1984).

The Seventh Circuit, for example, has ruled that by filing a suit in state court a plaintiff complies with the requirement of 28 U.S.C. § 2401(b) that suit must be filed against the United States within six months after denial of an administrative claim. *McGowan v. Williams*, 623 F.2d 1239. In that case, the United States attorney certified the case before denial of the administrative claim but did not remove it to federal court at that time. After the administrative claim was denied, neither party removed the suit. Finally, six months after denial of the administrative claim, the United States removed the case to Federal District Court and moved the Federal Court to dismiss the action on the grounds that the plaintiff had failed to comply with the provisions of § 2401(b) by filing a timely federal court claim. While holding that the claim was timely even though the filing was in state and not federal court, the court stated:

> We do not suggest that the U.S. attorney here acted in a dilatory manner [by not removing until the six month period had elapsed]. But we do not think Congress intended to allow the United States to 'sandbag' plaintiffs.

*McGowan*, 623 F.2d at 1243.

Plaintiffs have also been allowed to maintain Federal Tort Claims Act suits, under certain circumstances, even though they filed no administrative claim at all. In *Van Lieu v. United States*, 542 F.Supp. 862, a federal district court ruled that the

plaintiff was not required to comply with the two-year statute of limitations for filing an administrative claim where through no fault of his own, he failed to discover that the defendant was a government employee. The Court relied on a test set forth in *Harris v. Burris Chemical, Inc.*, 490 F.Supp. 968, 971 (N.D.Ga.1980). The test centers on the plaintiff's subjective understanding of the situation and provides that:

[i]n a case in which the plaintiff prior to filing suit knew or had reason to know that the driver was (1) a federal employee (2) acting within the scope of his employment at the time of the accident, the requirement of § 2675 applies. The plaintiff is required to seek administrative remedies; filing in state court is not a means of avoiding this requirement. Where the driver of a motor vehicle is sued individually in state court because the plaintiff did not know and had no reason to know that the defendant was (1) a federal employee (2) on federal business at the time of the accident and the United States subsequently removes the action to federal court under Section 2679, no exhaustion of administrative remedies is required.

*Van Lieu*, 542 F.Supp. at 865.

The court also agreed with the *Harris* court's explanation of this test:

Ignorance of the law which results in filing a state court action should not be allowed to thwart the Congressional intent of requiring the filing of administrative claims. On the other hand, nothing in the removal provisions indicates that Congress intended that a person who innocently files suit in state court because he is unaware of the facts which would indicate that the requirements of the Tort Claims Act must be met, should suffer the extreme penalty of having his suit dismissed.

*Van Lieu*, 542 F.Supp. at 865.

Courts have not uniformly accepted the *Van Lieu* approach. In *Rogers v. United States*, 675 F.2d 123 (6th Cir.1982), the Sixth Circuit refused to allow a plaintiff who filed no administrative claim but simply filed a state court suit to proceed once the case was removed to federal court. The court there held that neither the plaintiff's ignorance of the defendant's governmental status nor the United States' removal of the case eliminated the jurisdictional requirements where no administrative claim was filed at all. *Rogers*, 675 F.2d at 124.

While none of the situations discussed above is precisely the same as the present case, the dicta of these opinions are helpful in the situation at bar. *McGowan*, for example, indicates that a state court filing is sufficient to meet the statutory requirement of bringing suit against the United States within six months following final disposition by the administrative agency. The Court there recognized that "[a]lthough the remedy against the United States is exclusively federal, Congress anticipated that state suits would continue to be filed." *McGowan*, 623 F.2d at 1242. More importantly, *McGowan* holds that the United States attorney will not be allowed to "sandbag" the plaintiff by failing to remove the case from the state court until more than six months after final disposition of the administrative claim.

▆▆ The situation in the present case is analogous. By removing the case before the plaintiff had received a final disposition of her administrative claim, and then moving to dismiss because the plaintiff had not received that decision, the United States was able to defeat the claim because of circumstances beyond the plaintiff's control. The plaintiff is not required to wait to file suit in state court until such time as the administrative decision is rendered. *Staple v. United States*, 740 F.2d 766, 768 (9th Cir.1984). If the agency ultimately ruled that the defendant was not within the scope of federal employment when the accident occurred, the plaintiff could properly pursue a state tort remedy. For this reason, the court in *McGowan* recognized that Congress intended to permit state court suits to be filed. *McGowan*, 623 F.2d at 1242. The plaintiff in *McGowan* was allowed to proceed though he remained in

state court until his right to bring suit in federal court had expired; the plaintiff in this case has been forced into federal court at a time prior to which she has a right of action, even though that right would yet accrue. This looks like another variety of sandbagging, and as the Court of Appeals observed, it is doubtful that Congress intended to allow it. *Staples*, 740 F.2d at 770 n. 2; *McGowan*, 623 F.2d at 1242.

The holding and reasoning in *Van Lieu* is also relevant to the present situation, though that holding has not been universally adopted, *e.g., Rogers*. The *Van Lieu* test waives the exhaustion requirement when a plaintiff is unaware that the defendant was a federal employee, and unaware that the defendant was on federal business. The *Van Lieu* decision indicates that the courts are willing to forego a mechanical application of the statutory requirements of the Federal Tort Claims Act under certain circumstances.

Such a flexible approach is appropriate here. The manner in which Ms. Chambly proceeded with this case was perfectly proper. She filed her state court claim and awaited the final disposition of her administrative claim. *See Staple*, 740 F.2d at 768. The plaintiff had no way of knowing whether the defendant was on federal business at the time of the accident, and therefore a proper party to the suit, until disposition of the administrative claim or certification by the United States. Unlike the plaintiff in *Van Lieu*, who filed no administrative claim at all, the plaintiff here filed the proper claim within the two-year period as required by 28 U.S.C. § 2401(b). The *Rogers* court refused to create an exception to § 2401(b) when the plaintiff failed to file a claim. But unlike the *Rogers* plaintiff, Chambly has pursued all possible avenues of relief in a timely and prudent fashion.

The earlier dismissal order of March 13, 1984 was certainly legally correct. Plaintiff Chambly did not counter the government's assertions that administrative remedies had not been exhausted, nor did she respond to the motion with indications that she was pursuing these remedies. The plaintiff's motion to reconsider, however, presents new developments which materially change the circumstances at bar. The *McGowan* and *Van Lieu* opinions argue, and I agree, that the suit should have been stayed rather than dismissed, and that Ms. Chambly should be allowed to proceed without additional expense now that her administrative remedies have been exhausted.

## 3. STATUTE OF LIMITATIONS

There is a further practical reason for granting the plaintiff's motion to reinstate this claim. The statutory six month period has now passed since the date that the plaintiff filed her administrative claim. Her right to file the federal court claim has ripened. My choice is between reinstating this claim or requiring that the plaintiff file a new suit.

Title 28 of the United States Code § 2401(b) bars a tort claim against the United States "unless action is begun within six months after the date of mailing, by certified or registered mail of notice of final denial of the claim by the agency to which it is presented. In addition, 28 U.S.C. § 2675(a) provides:

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

In *Mack v. United States Postal Service*, 414 F.Supp. 504 (E.D.Mich.1976) the court held that these two provisions of the Act must be read together to determine the time limit for filing in the federal court following the running of the six month period after a claim has been filed with the proper administrative body. In that case, the court accepted the plaintiff's contention that the phrase "at the option of the claimant any time thereafter" in § 2675(a) gives the claimant the power to determine the date on which the unanswered claim shall be deemed denied for purposes of the six month period of § 2401(b). *Mack*, 414

F.Supp. at 506. This interpretation of Sections 2401(b) and 2675(a) was accepted by the Seventh Circuit Court of Appeals in *Miller v. United States,* 741 F.2d 148 (7th Cir.1984). *See also Leonhard v. United States,* 633 F.2d 599, 624 (2nd Cir.1982); *Boyd v. United States,* 482 F.Supp. 1126 (W.D.Pa.1980).

In the present case, the plaintiff filed her administrative claim on December 7, 1983. Under 2675(a), failure of the federal agency to respond within six months should "at the option of the [plaintiff] any time thereafter be deemed a final denial." Therefore, as of June 7, 1984, or any time thereafter, if the federal agency had not responded, the plaintiff was free to commence suit in federal court. Since there is no indication that the plaintiff's claim was ever answered, she was free to initiate this action at any time after June 7, 1984. She petitioned the court to reinstate the action on June 12, 1984, and this motion being timely, the suit should be reinstated.

On the other hand, if the federal agency responded, 28 U.S.C. § 2401 controls and the plaintiff had six months after notice of final denial to begin this action. On February 17, 1984, the United States filed its motion to dismiss and in support of that motion indicated that the plaintiff had failed to exhaust her administrative remedies. It is undisputed that if the federal agency did respond, that response came after February 17, 1984. The plaintiff would have then had until at least August 17, 1984 in which to file the claim. Since she moved that the claim be reinstated on June 12, 1984, she was within the six month period provided by § 2401(b).

## CONCLUSION

It is therefore ORDERED that the plaintiff Grace Chambly's Motion to Reconsider is GRANTED and upon reconsideration the earlier Motion to Dismiss is DENIED. The case will be reinstated in this Court's docket.