981 F.2d 1253
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Franklin R. WINSTON, Plaintiff-Appellant,
v.
Patrick WHALEN, Warden, FCI Petersburg; O. McNeil,
Defendants-Appellees.
 No. 91-6676.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 22, 1992
Decided: December 15, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge.
 Franklin R. Winston, Appellant Pro Se.
 Richard Parker, Office of the United States Attorney, Alexandria, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED IN PART AND REMANDED.
 Before PHILLIPS, WILKINSON, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Franklin R. Winston appeals from the district court order dismissing his claims alleging that federal prison employees deprived him of his personal property. We find that the district court properly dismissed Winston's constitutional claims and affirm that adjudication on the reasoning of the district court. We find, however, that the complaint, liberally construed, also presented a claim under the Federal Tort Claim Act ("FTCA"), 28 U.S.C.A.ss 2671-2680 (West 1985 & Supp. 1992). We remand that claim for consideration by the district court.
 
 
 2
 * On July 20, 1989, Winston was transferred to the Federal Correctional Institution ("FCI") in Petersburg, Virginia, on his way to the FCI in Phoenix, Arizona. In Petersburg, Defendant McNeil and other correctional officers collected and inventoried Winston's personal belongings, including a watch and a ring. Winston received copies of the property record forms for both items; on the forms the ring was valued at $65 and the watch was not assigned a value.
 
 
 3
 Winston never received his ring and watch when he arrived in Phoenix. He initiated an administrative tort claim with the Bureau of Prisons ("Bureau"), alleging that the watch was a Rolex worth $900 and that he had paid $650 for the ring. On January 11, 1990, the Bureau offered to settle the case for $25, but Winston refused. In its January 11 letter, the Bureau informed Winston that if he refused its settlement offer, he should consider the letter to be a denial of his claims, in which case he would have six months from January 11, 1990, to file suit in federal district court. The record does not disclose whether the Bureau sent this letter by certified or registered mail or by other means.
 
 
 4
 Rejecting the Bureau's offer, Winston filed a complaint in April 1990, alleging that Defendant Whalen (the warden at the FCI in Petersburg) and Defendant McNeil unconstitutionally deprived him of his property. On May 17, 1991, Defendants filed a Notice of Substitution of the United States as Proper Party Defendant, along with certification from the United States Attorney General's delegee that Whalen and McNeil were acting within the scope of their federal employment at the time of the alleged incident. This notice substituted the United States as the party Defendant only for any FTCA claim, not for the constitutional claims against Whalen and McNeil.
 
 
 5
 In its motion to dismiss/motion for summary judgment, Defendants asserted that no constitutional claim had been stated and that Winston had not timely asserted an FTCA claim against the United States. The district court granted the motion, but did not address in its opinion the FTCA issue.
 
 II.
 
 6
 We find no constitutional claim stated which would render the individual Defendants liable for damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Winston alleged that Defendants lost his jewelry but did not claim that they intentionally deprived him of his property. The district court correctly concluded that the negligent loss of Winston's ring and watch by federal officers did not amount to a constitutional deprivation. Daniels v. Williams, 474 U.S. 327, 330-31 (1986).
 
 III.
 
 7
 Although Winston never expressly stated that he was asserting a claim under the FTCA, he sought damages for the loss of his property, alleged that he had pursued his administrative remedies under the FTCA, and attached the papers relevant to administrative exhaustion. The Defendants recognized a potential FTCA claim, substituted the United States as the proper party, and asserted a defense to the claim. Courts should liberally construe pro se complaints and address any questions squarely presented. Weller v. Department of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). We find an FTCA claim sufficiently presented on this record to warrant consideration by the district court.
 
 
 8
 The government asserts that the FTCA claim is untimely. We find the record insufficient to determine the merits of that defense. First, the record does not show that the Bureau notified Winston of the denial of his administrative claim by certified or registered mail. Under 28 U.S.C. § 2401(b) (1988), "[a] tort claim against the United States shall be forever barred unless ... action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." (emphasis added). Failure to send such notification by certified or registered mail bars the United States from asserting the statute of limitations defense even if the claimant received actual notice of the denial. Johnson v. United States, 652 F. Supp. 407, 409 (E.D. Va. 1987); see also Raddatz v. United States, 750 F.2d 791, 797 (9th Cir. 1984). Accordingly, the government's limitations defense turns initially on proof that the administrative denial was sent in accordance with § 2401(b), a fact not apparent on the present record.
 
 
 9
 Second, assuming notification was sent by certified or registered mail, we note that at least one circuit has held, in an analogous situation, that substitution of the United States need not occur within the six month period of § 2401(b) where the individual employees were sued within six months. Staple v. United States, 740 F.2d 766 (9th Cir. 1984). The court in Staple held that the requirements of Fed. R. Civ. P. 15(c) for relation-back of an amended complaint need not be satisfied where the United States substitutes itself as a party. Id. at 770 n.2. But cf. McGowan v. Williams, 623 F.2d 1239, 1244 (7th Cir. 1980).
 
 
 10
 Finally, even if the relation-back requirements of Rule 15(c) do apply in this case, the record suggests certain bases for tolling the notice period referenced by Rule 15(c).* The district court received Winston's complaint and in forma pauperis application in April 1990, slightly more than three months after denial of the administrative claim. The complaint was not filed and service on the Defendants was not effected (giving the United States notice under Rule 15(c) of the potential claim against it) until March 1991. There is at least some authority that the pendency of an in forma pauperis application tolls the Rule 15(c) notice period. See Paulk v. Department of the Air Force, 830 F.2d 79, 82-83 (7th Cir. 1987). If this is the case, Winston's FTCA claim against the United States would relate back to his initial, timely filing against the individual Defendants.
 
 
 11
 The district court has not passed on these issues, and we decline to address them in the first instance, particularly where resolution of the factual issue of whether the denial was sent by certified or registered mail may obviate the need to consider the remaining timeliness issues. We accordingly affirm the district court's dismissal of the constitutional claims and remand the case for consideration of the FTCA claim. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court.
 
 AFFIRMED IN PART AND REMANDED
 
 
 *
 We express no opinion on whether the December 1991 amendments to Rule 15(c) or the prior version of that rule applies in this case