**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCIS G. WATSON,

                Plaintiff-Appellant,

  v.

RYAN P. MOLCHAN, Doctor; et al.,

                Defendants-Appellees.

No.    17-16114

D.C. No.
2:16-cv-00608-RFB-CWH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted January 18, 2019[**]
San Francisco, California

Before: WALLACE, CLIFTON, and FRIEDLAND, Circuit Judges.

Francis Watson appeals from the district court's dismissal for lack of

jurisdiction of his Federal Tort Claims Act action against the United States. We

have jurisdiction under 28 U.S.C. § 1291, and we conclude that the district court

did not lack jurisdiction. We therefore reverse and remand the case to the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court.

Watson brought a medical malpractice suit in Nevada state court on April 30, 2015, alleging the professional negligence of Dr. Ryan Molchan. Molchan worked at Nellis Air Force Base, so Watson also presented an administrative claim to the federal government. The claim was eventually received by the Air Force, and thus properly "presented" for administrative review, on May 18, 2015. *See* 28 C.F.R. § 14.2(b)(1) ("A claim shall be presented as required by 28 U.S.C. § 2401(b) as of the date it is received by the appropriate agency"). At the latest, this claim was deemed "finally denied" six months later, when the Air Force had not yet acted. *See* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section").

On February 19, 2016, the Attorney General certified that Molchan was acting within the scope of his employment for the United States. The case was removed to Nevada District Court on March 18, 2016 and the United States was substituted as a defendant for Molchan. *See* 28 U.S.C. § 2679(d)(1). The district court dismissed the case for lack of jurisdiction because Watson had filed his complaint in state court before his claim was finally denied by the Air Force. *See* 28 U.S.C. § 2675(a).

The district court did not lack jurisdiction. "[J]urisdiction under section 2675(a) is determined as of the date that the Attorney General removes the suit to federal court, rather than the date the plaintiff files the action against the [individual defendant] in state court." *Staple v. United States*, 740 F.2d 766, 768 (9th Cir. 1984). Here, the Attorney General removed the action on March 18, 2016, four months after Watson exhausted his administrative remedies with the Air Force. The claim was therefore exhausted. The United States' attempts to distinguish this clear precedent are unpersuasive.

**REVERSED and REMANDED.**