Joanne J. SMITH and James M. Smith,
Plaintiffs,

v.

William A. RIVEST and Heritage Mutual
Insurance Company, a mutual insur-
ance corporation, Defendants and Third-
Party Plaintiffs,

v.

Quentin G. LLOYD et al., Third-Party
Defendants.

Civ. A. No. 74–C–580.

United States District Court,
E. D. Wisconsin.

July 11, 1975.

Robert G. Roberts, Racine, Wis., for plaintiffs.

Richard J. Kreul, Racine, Wis., for defendants Rivest and Heritage Mutual Ins. Co.

William J. Mulligan, U. S. Atty. by Randall J. Sandfort, Asst. U. S. Atty., Milwaukee, Wis., for third-party defts. Quentin G. Lloyd and U. S. Postal Service.

Ralph M. Cagle, Racine, Wis., for third-party defendant Home Ins. Co.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This personal injury action arises out of an automobile accident which occurred on October 15, 1971, at the intersection of 51st Street and the 3 Mile Road in Racine County, Wisconsin. At the time of the accident, plaintiff Joanne J. Smith was a passenger in a United States mail vehicle driven by Quentin G. Lloyd, an employee of the United States Postal System. William A. Rivest was the driver of the other vehicle involved and is insured by Heritage Mutual Insurance Co.

Joanne J. Smith and her husband commenced this action against William A. Rivest, the driver of the other vehicle, and Heritage Mutual Insurance Co., his insurer, in the Circuit Court of Racine County seeking damages for personal injuries sustained by Joanne J. Smith.

The defendants answered and filed a third-party complaint against Quentin G. Lloyd, The Home Insurance Company, and the United States Postal Service seeking contribution from the third-party defendants. The Home Insurance Company is the automobile liability insurer of Quentin G. Lloyd. The third-party complaint alleges that Quentin G. Lloyd was an employee of the United States Postal Service and was at all material times acting within the scope and authority of his employment with the United States Postal Service. The third-party complaint also alleges, on information and belief, that Joanne J. Smith was occupying the vehicle driven by Lloyd as a postal employee-trainee.

■ On December 6, 1974, the United States removed the entire action to this court pursuant to 28 U.S.C. § 1442(a)(1). Following the removal, the Government filed three motions. Third-party plaintiffs have never responded to the Government's motions, and, therefore, they have waived their right to respond pursuant to Local Rule 6.01. All three motions of the United States must be granted.

### I. *Motion for Substitution*

On December 19, 1974, the United States moved to have itself substituted as third-party defendant in the place of Quentin G. Lloyd. Section 2679(b) of Title 28, United States Code, provides:

> "The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

■■ The purpose of § 2679 is to substitute liability of the United States for that of the employee, and to immunize the employee from personal liability arising from vehicular accidents occurring during the course of his employment. 1A Moore's Federal Practice ¶ 0.164[4], at 327 (2d ed.1974); *Garrett v. Jeffcoat*, 483 F.2d 590 (4th Cir. 1973); *Henderson v. United States*, 429 F.2d 588 (10th Cir. 1970). Consequently, a suit against the United States is the *exclusive* remedy against a federal employee based on a claim arising out of the operation of a motor vehicle within the scope of his employment. Section 2679(d) provides essentially that upon a certification by the Attorney General that the defendant, employee was acting within the scope of his employment at the time of the incident out of which the suit arose, the action shall be "deemed a tort action brought against the United States." Thus, the Government immediately becomes a party.

■ Accompanying the Government's motion is a certification that Quentin G. Lloyd was acting within the scope of his employment at the time of the accident. In addition, third-party plaintiffs allege that Lloyd was acting within the scope of his employment. Consequently, the Government's motion to be substituted for Quentin G. Lloyd must be granted and Quentin G. Lloyd and his insurer, The Home Insurance Company, must be dismissed from the action because third-party plaintiffs' exclusive remedy lies against the United States. *Santoro v. United States*, 229 F.Supp. 707 (N.D.Ill.1964); *Perez v. United States*, 218 F.Supp. 571 (S.D.N.Y.1963); *Kizer v. Sherwood*, 311 F. Supp. 809 (M.D.Pa.1970).

### II. *Motion to Dismiss United States Postal Service*

■ The Government has also moved to dismiss the United States Postal Service with prejudice pursuant to 28 U.S.C. § 2679(a) which provides:

> "The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize

**382**

suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive."

Pursuant to this section this Court lacks jurisdiction over the United States Postal Service. Consequently, this Court must dismiss the action with respect to the Postal Service because third-party plaintiffs' exclusive remedy is against the United States of America. 28 U.S.C. § 2679(b).

### III. Motion to Dismiss the United States as Third-Party Defendant

Having had itself substituted for Quentin G. Lloyd and having had the United States Postal Service dismissed from the action pursuant to 28 U.S.C. § 2679(a), the United States is presently the sole remaining third-party defendant in this action. As such, the United States now moves to dismiss the third-party complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Defendants commenced this third-party action seeking contribution from the third-party defendants in the event that the principal plaintiffs recover a judgment against the third-party plaintiffs. The Government contends that it cannot be held liable for contribution under the facts of this case and that consequently the third-party action must be dismissed.

At the time of the accident, Joanne J. Smith was a postal employee-trainee. Mrs. Smith was riding as a passenger in a vehicle operated by Quentin G. Lloyd who was acting within the scope of his employment at the time of the accident. Smith was also acting within the scope of her employment as a trainee at the time of the accident in light of the Government's assertion to that effect and third-party plaintiffs' failure to contest it.

The precise issue presented by the Government's motion is whether third-party plaintiffs are entitled to contribution from the Government in an action where the original plaintiff is a federal employee who was injured as a result of the concurrent negligence of a third party and a second federal employee where both federal employees were acting within the scope of their employment at the time of the accident.

■ Common liability to a plaintiff is an essential element to any cause of action for contribution. *Gies v. Nissen Corporation,* 57 Wis.2d 371, 204 N.W.2d 519 (1973); *Herman v. United States,* 382 F.Supp. 818 (E.D.Wis.1974). There is no right of contribution unless there is joint tort liability of both parties to the injured person. *Murray v. United States,* 132 U.S.App.D.C. 91, 405 F.2d 1361 (1968); *Newport Airpark, Inc. v. United States,* 419 F.2d 342 (1st Cir. 1969). Consequently, unless the Government is subject to tort liability to the plaintiff Joanne J. Smith, there is no "common" liability between the Government and the third-party plaintiffs with respect to her claim, and no cause of action for contribution exists.

Title 5 U.S.C. § 8116(c), the Federal Employees' Compensation Act, provides in part:

> "The liability of the United States * * * under this subchapter * * * with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States * * * to the employee * * * and any other person otherwise entitled to recover damages from the United States * * * because of the injury or death * * * under a Federal tort liability statute. * * *"

■ Courts have consistently held that a federal employee's exclusive remedy against the United States for injuries sustained while acting within the scope of his employment is under the Federal Employees' Compensation Act (hereinafter "FECA"). *Vantrease v. United States,* 400 F.2d 853 (6th Cir. 1968); *Johansen v. United States,* 343

U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952). Nor was this result changed by enactment of the Federal Drivers' Act, 28 U.S.C. § 2679(b). *Noga v. United States,* 411 F.2d 943 (9th Cir. 1969); *Cobia v. United States,* 384 F.2d 711 (10th Cir. 1967); *Vantrease v. United States,* supra. Consequently, the exclusive liability provision of the FECA eliminates the tort liability of the Government to its employees. *Newport Airpark, Inc. v. United States,* supra; *Wien Alaska Airlines v. United States,* 375 F.2d 736 (9th Cir. 1967), cert. denied 389 U.S. 940, 88 S.Ct. 288, 19 L.Ed.2d 291 (1967). Thus, the FECA does affect the right to contribution where the concurrent negligence of a federal employee and third party causes injury to another federal employee. Since the FECA, which is analogous to workmen's compensation statutes, provides that the Government's obligations thereunder are the only liability of the Government to its employees, there is no "common" liability involving the United States and the third party in such situations, and, therefore, there are no grounds for allowing contribution.

Several courts have consistently held that there is no governmental liability for contribution under the circumstances of this case. The Circuit Court for the District of Columbia in *Murray v. United States,* 132 U.S.App.D.C. 91, 405 F.2d 1361, 1364–1365 (1968), stated:

> " * * * There is no right of contribution, however, unless there is a joint liability of both parties to the injured person.

> "We hold that the Federal Employees' Compensation Act (FECA) precludes a tortfeasor held liable to a government employee from suing to obtain contribution from the government.

> "As a general rule, workmen's compensation statutes terminate the private employer's common law tort liability and substitute a duty to pay a prescribed compensation not based on fault. That remedy is made *exclusive.*

In such a situation the employer cannot be a joint tortfeasor. Since there is no common liability between the employer and the third-party defendant sued in tort, the employer cannot be forced to contribute to the other defendant. * * *

> * * * * * *

> "[W]e approve the dismissal of the claim for contribution, since contribution is an equitable doctrine imposing a duty on one tortfeasor to another that is applicable only when the tortfeasors have a concurring liability to the same victim. * * * " (Emphasis added.)

In *United Airlines, Inc. v. United States,* 335 F.2d 379 (9th Cir. 1964), the Court similarly dismissed the third-party claim against the Government and held that the exclusive liability provisions of the FECA eliminated any tort liability of the Government to its employees and, therefore, undercut the third-party claim. See also, *Maddox. v. Cox,* 384 F.2d 119 (8th Cir. 1967); *Newport Airpark, Inc. v. United States,* supra; *Wien Alaska Airlines v. United States,* supra. As demonstrated by the case law, actions for contribution are precluded by the exclusive remedy provision of FECA, since the Government has no underlying tort liability, and, consequently, the third-party action should be dismissed.

This resolution of the Government's motion completely resolves the federal facet upon which this action was originally removed from the state court. All that remains of this case is plaintiffs' cause of action against the defendants, both of whom are residents of Wisconsin. This cause of action was not within the original jurisdiction of this court. Thus, within this court's discretion under 28 U.S.C. § 1441(c), I believe it to be appropriate to remand plaintiffs' original cause of action to the state court from which it was removed.

Based on the foregoing reasons,

It is therefore ordered that the United States of America be and it hereby is

384

substituted as third-party defendant for Quentin G. Lloyd.

It is further ordered that Quentin G. Lloyd and his insurer, The Home Indemnity Company, be and they hereby are dismissed.

It is further ordered that the third-party defendant United States Postal Service be and it hereby is dismissed.

It is further ordered that the motion of the United States to dismiss the third-party action for failure to state a claim upon which relief can be granted be and it hereby is granted.

It is further ordered that the cause of action of Joanne J. Smith and James M. Smith against William A. Rivest and Heritage Mutual Insurance Company be and it hereby is remanded to the Circuit Court of Racine County for further proceedings.