Angela M. STEWART, a Minor, by Mary Stewart, her mother and next friend, Plaintiffs,

v.

UNITED STATES of America, United States Post Office, and Harry A. Cristol, Defendants.

No. 80 C 1494.

United States District Court, N. D. Illinois, E. D.

Sept. 26, 1980.

Sherwin Greenberg, Scott I. Mann, Skokie, Ill., for plaintiffs.

Thomas P. Sullivan, U. S. Atty., Michael S. O'Connell, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Angela M. Stewart ("Stewart"), a minor, by her mother Mary Stewart instituted this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, claiming that by reason of alleged negligent operation of a United States Postal Service vehicle, said vehicle collided with Stewart's bicycle resulting in personal injury to her. Plaintiff initially named as defendants Harry A. Cristol ("Cristol") and the United States Post Office (the "Postal Service").[1] On June 9, 1980, defendants moved to dismiss the complaint, or in the alternative, for summary judgment, arguing that plaintiff had named improper parties to the lawsuit because relief under the Federal Tort Claims Act lay only against the United States. On July 23, 1980, plaintiffs filed an amended complaint adding the United States as a defendant.

This matter is now before the Court on the government's motion to dismiss, or in the alternative, for summary judgment as to all three defendants. With respect to

---

1. The proper designation of this agency is the United States Postal Service.

Cristol and the Postal Service, the government urges that the complaint be dismissed because Cristol and the Postal Service are improper parties under the Federal Tort Claims Act. With respect to the United States, the government contends that plaintiff's claim is barred by the applicable statute of limitations. 28 U.S.C. § 2401(b).

■ As to whether Cristol was properly named as a defendant, the Court must look to Section 2679(b) of the Federal Tort Claims Act which provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office of employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claims.

Thus, a federal driver, such as Cristol, is immune from liability if he was acting within the scope of his employment at the time of the accident. In her complaint, plaintiff concedes that she is suing Cristol for actions taken within the scope of his employment as a driver for the Postal Service. Accordingly, the proper party under the Federal Tort Claims Act is the United States, not defendant Cristol and the complaint against him must be dismissed.

■ For similar reasons, plaintiff's complaint against the Postal Service also must be dismissed. Pursuant to the Federal Tort Claims Act, which is made applicable to the Postal Service by 39 U.S.C. § 409(c),[2] an agency cannot be sued in its own name. As the two pertinent sections of the Federal Tort Claims Act make clear, this action must be brought against the United States despite the authority of federal agencies to sue or be sued.[3] *Topping v. United States Postal Service*, No. 791–146–CIV–4 (E.D.N.C.1980); *Smith v. Rivest*, 396 F.Supp. 379, 381–382 (E.D.Wisc.1975); *Newberg v. Federal Savings and Loan Insurance Corp.*, 317 F.Supp. 1104, 1106 (N.D.Ill.1970).

As provided in Section 2679(b) the only proper defendant in this matter is the United States. The applicable statute of limitations for commencement of an action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, or notice of final denial of the claim by the agency to which it was presented.

The following facts are undisputed for purposes of this motion. The accident occurred on November 7, 1978. Plaintiff's administrative claim was received by the Postal Service on July 10, 1979. A denial was sent to plaintiff's attorney by certified mail on September 27, 1979. In the letter denying her administrative claim, plaintiff was informed that she must sue *the United States* not later than six months from the date of the letter.[4] Instead, plaintiff filed her complaint against Cristol and the Postal Service on March 26, 1980—one day before

---

**2.** 39 U.S.C. § 409(c) provides:

"The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service."

**3.** 28 U.S.C. § 1346(b) provides that the district court shall have exclusive jurisdiction of civil actions against the United States for money damages arising from tort claims.

28 U.S.C. § 2679(a) provides:

The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

**4.** The letter stated the following:

Regulations require us to inform you that if your clients are dissatisfied with the final action on their claim, they may file suit against the United States in an appropriate United States District Court not later than six months from the date of this letter.

the six–month limitation period expired. The Postal Service was served on March 28, 1980–one day after the limitation expiration date. The United States Attorney's Office was served on April 1, 1980. On July 23, 1980, plaintiff filed an amended complaint, adding the United States of America as a defendant.[5]

■ Since plaintiff did not add the United States as a defendant until many months after the six–month limitation period had passed, plaintiff can maintain her action against the United States only if the amended complaint is held to "relate back" to the date of the original complaint. Rule 15(c) of the Federal Rules of Civil Procedure allows an amended pleading adding a new party to relate back to the time of the original pleading if the claim against the new party arose out of the conduct, transaction, or occurrence set forth in the original complaint. The Rule further provides:

> An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action* against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.[6] (Emphasis added).

It is apparent that relation back of an amendment under Rule 15(c) applies to the United States. *Wadsworth v. United States Postal Service*, 511 F.2d 64, 66 (7th Cir. 1975).

■ Since Rule 15(c) is geared to notice, *Simmons v. Fenton*, 480 F.2d 133, 137 (7th Cir. 1973), the crucial question is whether the United States received notice of the action "within the period provided by law for commencing the action."[7] As noted above, under the Federal Tort Claims Act, an action must be commenced within six months after the date on which the agency mailed notice of final denial of plaintiff's claim. Thus, defendant's motion comes down to the simple factual question of whether the United States received notice of plaintiff's action within six months from September 27, 1979. It is undisputed that the Postal Service was served with notice of plaintiff's action on March 28, 1980,[8] and the United States Attorney's Office was given notice on April 1, 1980. It is also undisputed that no notice was given either to the Postal Service or to the United States Attorney's Office prior to those dates. Because no notice was received during the limitations period, Rule 15(c) does not allow an amendment adding the United States as a defendant to relate back to the time of filing the original complaint. Other courts have reached the same conclusion when faced with nearly identical fact situations. *Carr v. Veterans Administration*, 522 F.2d 1355, 1358 (5th Cir. 1975); *Evans v. United States Veterans Administration Hospital*, 391 F.2d 261, 262 (2d Cir.), *cert.*

---

**5.** Plaintiff's amended complaint was filed as a matter of course, pursuant to the portion of Rule 15(a) of the Federal Rules of Civil Procedure which states that,

> [a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served. . . .

Defendants' motion to dismiss does not constitute a "responsive pleading" within the meaning of Rule 15(a), and does not terminate the time within which a plaintiff may amend as a matter of course. *LaBatt v. Twomey*, 513 F.2d 641, 650–51 (7th Cir. 1975); *Fuhrer v. Fuhrer*, 292 F.2d 140, 142 (7th Cir. 1961).

**6.** Since the basis of this opinion rests upon plaintiff's failure to meet the notice requirement of Rule 15(c), there is no need to consider

whether the mistake made by plaintiff in naming the wrong defendants under the Federal Tort Claims Act is the sort of "mistake" to which Rule 15(c) is addressed.

**7.** The "period provided by law for commencing the action" refers to the applicable statute of limitations period. *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980).

**8.** Even if the Court accepted plaintiff's argument that notice to the Postal Service is in effect notice to the United States, the United States would still have received notice one day after it was due in order to qualify for relation back under Rule 15(c).

*denied*, 393 U.S. 1040, 89 S.Ct. 667, 21 L.Ed.2d 589 (1969); *Topping v. United States Postal Service*, 791–146–CIV–4 (E.D. N.C.1980).

■ The Court recognizes that strict enforcement of statutes of limitation may occasionally result in hardship to some plaintiffs, but it must be remembered that the statutes are designed to protect defendants from the burden of defending against stale claims regardless of the eventual liability. *Steele v. United States*, 599 F.2d 823, 828–29 (7th Cir. 1979). "Consequently, the operation of statutes of limitation was intended to be somewhat mechanical and ordinarily unrelated to the merits of the litigation." *Id.* at 829. Accordingly, this Court must enforce the clear letter of Rule 15(c) as applied to 28 U.S.C. § 2401(b).

■ Plaintiff contends that the government should be estopped to deny jurisdiction in this case because in other Federal Tort Claims actions the government admitted jurisdiction where plaintiff named the Postal Service as a defendant, while failing to name the United States. This argument must fail, however, because the statute of limitations under the Federal Tort Claims Act is jurisdictional in nature and is not subject to equitable considerations such as waiver and estoppel.[9] *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972); *Binn v. United States*, 389 F.Supp. 988, 991 (E.D.Wisc.1975).

For the foregoing reasons, the government's motion to dismiss the complaint against all three defendants is granted. It is so ordered.

---

**9.** Plaintiff argues that amending the complaint to include the United States as a party defendant is not an addition of a party, because the United States is "deemed" to be a party as a matter of law, *citing Smith v. Rivest*, 396 F.Supp. 379 (E.D.Wisc.1975), as support. The *Smith* opinion, however, is inapposite to the instant fact situation. *Smith* concerned the provisions of 28 U.S.C. § 2679(d) of the Federal Drivers Act, whereby upon certification by the Attorney General that the defendant employee driver was acting in the scope of his employment, a proceeding brought in state court may be removed to federal district court and the government "deemed" a party. 396 F.Supp. at 381. The basis for the court's opinion in *Smith* is the Attorney General's certification--a factor not present in this case. Moreover, the *Smith* court was not faced with any of the issues raised in the instant case under Rule 15.