849 F.2d 1472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie L. CURTIS, Plaintiff-appellant,
v.
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS; Agent Dennis
Price; Ex-Agent Bobby Bridgewater, Defendants-appellees.
 No. 86-5953.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1988.
 
 Before KRUPANSKY, and DAVID A. NELSON, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 Ronnie L. Curtis, plaintiff-appellant ("Curtis" or "appellant") appealed from the district court's sua sponte dismissal of this action against the Bureau of Alcohol, Tobacco and Firearms ("ATF"); Dennis Price ("Price"), an ATF agent; and Bobby Bridgewater ("Bridgewater"), a former agent of the ATF, the defendants-appellees (collectively referred to as "defendants"). Curtis, an inmate in a federal prison at Lexington, Kentucky was convicted of arson and mail fraud charges in 1985 stemming from the destruction by fire of commercial property which he owned in Central City, Kentucky.[1] The appellant filed this pro se action alleging that the defendants had violated his constitutional rights by having intimidated witnesses during the investigation of this arson, and by having lied while testifying before a grand jury and at trial during the subsequent criminal proceedings relating to that arson which lead to his 1985 conviction.
 
 
 2
 The record disclosed the following facts. In February, 1984, appellant and the Assistant United States Attorney for Louisville, Kentucky (United States Attorney) concluded a plea agreement under the conditions of which the Government would not to prosecute him on criminal charges of arson or mail fraud arising as a result of a fire at his commercial property in Central City, Kentucky, in return for which the appellant was to provide the government with information concerning the fire. The plea agreement was subsequently withdrawn by the United States, because the ATF asserted Curtis had breached his promise to provide information concerning the fire. As a result, the United States Attorney sought and received an indictment against Curtis which charged him with the malicious destruction of real and personal property by fire (arson), 19 U.S.C.A. Sec. 844(i) (West Supp.1988), and mail fraud, 18 U.S.C.A. Sec. 1341 (West 1984) incidental to the fire which occurred on his Central City, Kentucky property.
 
 
 3
 The criminal charges were tried to a jury which was unable to arrive at a verdict prompting the declaration of a mistrial on April 9, 1985. Thereafter, the United States Attorney approved a second plea bargain with Curtis permitting him to plead nolo contendere to the arson and mail fraud charges, in exchange for a recommendation by the United States Attorney that he, Curtis, be sentenced to four years of imprisonment for both counts, to be served concurrently with sentences previously imposed for unrelated federal convictions. The district court accepted the nolo contendere plea on August 12, 1985, and imposed a four year sentence for both the arson and mail fraud charges, to be served consecutively from the sentences received under his prior federal convictions.
 
 
 4
 On September 25, 1985, Curtis filed an administrative claim against the defendants with the appropriate prison officials, alleging the Price and Bridgewater had intimidated witnesses to the arson investigation, and had lied in their testimony before the grand jury and at the trial of the arson and mail fraud case, in violation of his constitutional rights. Appellant requested $80 million in damages for these violations. The Regional Counsel for the Bureau of Prisons advised Curtis by letter on November 1, 1985 that his claim had been referred to the Regional Counsel for the ATF for administrative review.
 
 
 5
 After failing to receive a reply to his administrative claim, the appellant mailed a letter to the ATF on May 10, 1986, requesting the agency to provide him with a written disposition of his administrative claim. On May 16, 1986, the ATF's Regional Counsel notified Curtis that it had no record of his claim. Curtis thereafter filed a pro se complaint in federal district court on July 2, 1986 against the ATF, Price and Bridgewater.[2] On the same date, the magistrate to whom the matter had been referred, recommended sua sponte that the complaint be dismissed for failure to state a claim under 42 U.S.C. Sec. 1983 or under the Federal Tort Claims Act. In addition, the magistrate ordered the complaint, along with his recommendations, to be served upon the defendants, with instructions that Curtis be permitted an extension of twenty days from the entry of the magistrate's order to file an amended complaint. The defendants were granted twenty days from the date on which the amended complaint was served to file responsive pleadings.
 
 
 6
 Appellant filed an amended complaint on July 9, 1986 (hereafter the amended complaint) which eliminated any reference to Sec. 1983. Despite the magistrate's order of July 2, 1986, the record does not reflect service upon the defendants of the plaintiff's initial complaint of July 2, 1986, his July 9, 1986 amended complaint, or the magistrate's recommendations. On August 20, 1986, the district court entered an order adopting the Magistrate's findings and recommendations, and dismissed the amended complaint for failure to state a cause of action. Curtis timely appealed the trial court's dismissal.
 
 
 7
 The appellant's cause of action arising under the Federal Torts Claims Act (FTCA), 28 U.S.C.A. Sec. 2680 (West Supp.1988), alleged in the July 9, 1986 amended complaint, named only the ATF and the individual agents as defendants. An action under the FTCA, however, must be brought against the United States, and cannot be maintained against an agency or employee of the government. See, e.g., Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 177 (8th Cir.1978); Stewart v. United States, 503 F.Supp. 59, 61 & n. 3 (N.D.Ill.1980), aff'd, 655 F.2d 741, 742 (7th Cir.1981); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir.), cert. denied, 382 U.S. 892, 86 S.Ct. 185, 15 L.Ed.2d 149 (1965); Kessler v. General Serv. Admin., 341 F.2d 275, 276 (2nd Cir.1964). The appellant's amended complaint was, accordingly, deficient and the district court was correct in dismissing the FTCA claim.
 
 
 8
 The appellant's amended July 9th complaint also alleged that Price and Bridgewater had intimidated witnesses during their investigation of the arson, which allegations were sufficient to state a colorable claim for relief under 42 U.S.C.A. Sec. 1985(2).[3] Accordingly the district court erred in dismissing those allegations as frivolous. See Kush v. Rutledge, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983); see also Doherty v. American Motors Corp., 728 F.2d 334, 338-39 (6th Cir.1984). Additionally, the district court failed to comply with this court's mandate in Tingler v. Harris, requiring inter alia that defendants be served with the complaint and permitted adequate time to respond thereto by motion or answer before entry of a sua sponte dismissal. See Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir.1983); accord Morrison v. Tomano, 755 F.2d 515, 516-17 (6th Cir.1985). In the instant case, the district court erroneously dismissed the plaintiff's complaint prior to ordering service of process to be perfected against the defendants, see 28 U.S.C.A. Sec. 1915(c) (West 1966), who were not accorded an opportunity to file responsive pleadings to the charges.
 
 
 9
 For the foregoing reasons, the district court's order is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings in accordance with this opinion.
 
 
 
 *
 Honorable Barbara K. Hackett, United States District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 This fire, which served as the basis of his 1985 conviction, is hereafter referred to as the arson
 
 
 [2]
 The record indicated that although the plaintiff's complaint was received by the magistrate's office on June 19, 1986, it was not recorded as having been filed with the clerk of courts until July 2, 1986. Consequently, it will hereafter be referred to as the July 2, 1986 complaint
 
 
 [3]
 The statutory section reads, in pertinent part, as follows:
 If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror, ...
 * * *
 the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
 42 U.S.C.A. Sec. 1985(2) (West 1981).