**MARTIN'S FOOD AND LIQUOR, INCORPORATED, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant.**

No. 87 C 8712.

United States District Court,
N.D. Illinois, E.D.

Dec. 22, 1988.

Martin D. Reggi, Martin D. Reggi, Peter Burban, Peter Burban, Chicago, Ill., for plaintiff.

Ann L. Wallace, Asst. U.S. Atty., Chicago, Ill., for defendant.

### MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This decision begins at the end: Plaintiff Martin's Food and Liquor, Inc. ("Martin's Food") cannot obtain judicial review of its three-year suspension from participating in the federal food stamp program because its complaint names the United States Department of Agriculture ("the USDA") as the defendant instead of the United States. This result will unquestionably appear harsh; it is. But it is a harshness imposed by Congress, not by this court, and is thus beyond this court's power to ameliorate.

### FACTS

On September 17, 1987, Martin's Food received a letter from an administrative review officer of the United States Department of Agriculture, dated September 8, informing it that it was being suspended from the food stamp program for a period of three years pursuant to 7 U.S.C. § 2021. The basis for the suspension lay in Martin Food's acceptance of food stamps for ineligible items, including packages of cigarettes, on various occasions.

On October 7, 1987, Martin's Food filed this action for judicial review pursuant to 7 U.S.C. § 2023(a) ("§ 2023(a)") and 7 C.F.R. § 279.10. The complaint named the United States Department of Agriculture as the only defendant.

On October 19, Martin's Food served the United States Attorney's Office in Chicago with the complaint. No service was made at the Chicago Regional Office of the Food and Nutrition Service, Department of Agriculture.

The USDA subsequently moved to dismiss the case with prejudice on the grounds that § 2023(a) requires the plaintiff to bring this action against the United States, not the USDA, and that Rule 15(c) of the Federal Rules of Civil Procedure prohibits Martin's Food from amending his complaint to name the United States.

## DISCUSSION

Section 2023 provides, in pertinent part: If [a] store [or] concern ... feels aggrieved by [a] final determination [pursuant to § 2021], it may obtain judicial review thereof by filing a complaint *against the United States ... within thirty days* after the delivery or service of the final notice of determination upon it, requesting the court to set aside such determination. *The copy of the summons* and complaint required to be delivered to the official or agency whose order is being attacked *shall be sent to the Secretary or such person or persons as the Secretary may designate to receive service of process.*

7 U.S.C. § 2023 (emphasis added).[1]

■ Although the USDA is an agency of the United States government, "[g]overnment agencies do not merge into a monolith," *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir.1982) (per curiam), at least not in the litigation context. When a statute requires that suit be filed against a particular federal agency or officer, naming the United States alone as a defendant will not do. *Id.; see also Johnson v. United States Postal Service,* 861 F.2d 1475 (10th Cir. 1988). Likewise, "[a] suit against the United States Department of Agriculture, or any other federal agency, is not a suit against the United States of America."

*Lopez v. United States Department of Agriculture,* No. 83 C 6191 slip op. at 2 (N.D.Ill. May 3, 1984) (Grady, J.). Thus, the case against the USDA must be dismissed.

■ Recognizing the defect in its original pleading, Martin's Food seeks leave to amend its complaint, pursuant to Rule 15(a), to name the United States.[2] The immediate problem that arises, of course, is that § 2023(a) contains a thirty day statute of limitations, which expired on October 17, 1987,[3] so a new action against the United States at this point would be time-barred. Martin's Food contends, however, that Rule 15(c) saves it by allowing it to bring the United States into this timely action. This rule provides, in part:

(c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing action against him,* the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who

---

1. 7 C.F.R. § 279.10 essentially echoes this provision, without specifying whom should be named as defendant.

2. Technically, because Martin's Food has never actually amended its complaint or moved for leave to amend, the only motion now before this court is the USDA's motion to dismiss. However, because Martin's Food has indicated in its response to that motion that it wishes to amend, this court will address the viability of such an amendment.

3. Although both October 17 as well as October 8 come before October 19, the day the United States Attorney was served with the complaint, the USDA attempts to bolster its case by insisting throughout its memoranda that the statute of limitations expired on the earlier date—i.e., thirty days from the date of the letter informing Martin's Food of the agency's action. One need only read the words of the statute to see the error in this (unnecessary) position. *See* 7 U.S.C. § 2023(a) (suit must be brought by aggrieved "within thirty days after the delivery or service of the final notice of determination upon it").

would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed.R.Civ.P. 15(c) (emphasis added).

Rule 15(c) thus makes two things perfectly clear. First, Martin's Food's October 19 service on the United States Attorney satisfies § 2023's requirement that it serve "the Secretary [of Agriculture] or such person or persons as the Secretary may designate to receive service of process." Second, and more important, the fact that this service came two days after the thirty day limitations period expired means that neither the United States nor the USDA had notice of this lawsuit "within the period provided by law for commencing action against [it]." Thus, an amendment substituting the United States as defendant would not relate back to the date this lawsuit was filed, and would accordingly be barred by the statute of limitations. *See Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986); *Hughes v. United States,* 701 F.2d at 58.

In *Lopez,* a case on all fours with this one, and one that ended the same way, Judge Grady concluded by noting that "although the result may appear to be harsh, it is mandated by the controlling Seventh Circuit precedent." *Lopez v. United States Department of Agriculture,* slip op. at 3. On this single point, this court disagrees slightly. As the Supreme Court stated when it denied relation back in *Schiavone:* "Of course, there is an element of arbitrariness here, but that is a characteristic of any limitations period, and it is an arbitrariness imposed by the legislature and not by the judicial process." *Schiavone v. Fortune,* 477 U.S. at 31, 106 S.Ct. at 2385.

## CONCLUSION

The motion to dismiss is granted. The case is dismissed with prejudice.