**Deborah K. JENSSEN and Herbert Jenssen, Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE and Lisa Diamond, individually, Defendants.**

**No. 90 C 06253.**

United States District Court, N.D. Illinois, E.D.

April 23, 1991.

Julie Ann Coleman, William F. Bochte, Theodore L. Kuzniar, Bochte & Kuzniar, St. Charles, Ill., for plaintiffs.

James Kubick, Asst. U.S. Atty., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Deborah K. and Herbert Jenssen filed this action under 28 U.S.C.A. § 1346(a)(2) (Supp.1990) and 39 U.S.C. § 409 (1988) against Lisa Diamond and the United States Postal Service alleging that Diamond negligently operated a Postal Service vehicle so as to cause personal injury to Deborah Jenssen and property damage to Herbert Jenssen's vehicle. The defendants have now moved to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] We grant the motion.

### I. Dismissal Standard

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as all reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.,* 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth* ).

### II. Background

On July 24, 1987, Deborah Jenssen was driving north on Oltendorf Street at or near its intersection with Dorman Street in Streamwood, Illinois. At the same time, Lisa Diamond, a Postal Service employee, was driving a Postal Service vehicle south on Oltendorf. When Diamond reached the Dorman Street intersection she turned left, causing a collision with the 1973 Ford Torino driven by Mrs. Jenssen.

In July 1989, Mrs. Jenssen filed a "Claim for Damage, Injury, or Death" with the Postal Service for $151,000. That figure included $150,000 in personal injury to herself and $1000 of property damage to the car she was driving, which was owned by Mr. Jenssen.[2] On April 30, 1990, the Postal Service issued a final denial of Mrs. Jenssen's claim. The denial explained that if she was "dissatisfied with the final action on her claim, she may file suit against the *United States of America* in an appropriate United States District Court not later than six months from the date of mailing this letter...." Complaint, Exh. B (emphasis added).

Instead of following the procedures outlined in the Postal Service's denial letter, *i.e.,* filing suit against the United States of America, the plaintiffs' attorney filed suit

---

1. The plaintiffs submitted a one-paragraph response to the motion, stating that after reviewing the statutes and case law, they believed that a more expansive response would be "frivolous." Since they did not acquiesce to the dismissal, we thought that plaintiffs meant that the motion was so unfounded that no response was necessary. Upon reviewing the law, however, it quickly became apparent that plaintiffs' attorney had done such a poor job in filing the claim that opposing its dismissal would indeed have been frivolous. Thus, it is with much displeasure that this court is forced to forever dismiss Mrs. Jenssen's (apparently) otherwise valid claim, especially since the blunders made by her counsel in misfiling this case could have easily been avoided by even the most cursory examination of the law in this area.

2. Mr. Jenssen apparently never filed an administrative complaint in his own name with the Postal Service.

against Diamond and the Postal Service. This suit was filed on October 26, 1990, only five days before the six-month statute of limitations period ran. Later, the plaintiffs' attorney mailed a copy of the summons and complaint to the U.S. Attorney for the Northern District of Illinois; this notice was received by the U.S. Attorney's office on November 5, 1990, five days *after* the limitations period had elapsed.

### III. Jurisdiction Under 28 U.S.C.A. § 1346(a)(2) and 39 U.S.C. § 409

The defendants' motion alleges that this court lacks jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 1346(b)(1), 2671 (Supp.1990). While this argument will be important later in this opinion, it is not initially relevant because it is not directed to the statutes upon which the plaintiffs stake their jurisdictional tent. Defendants' failure to make any argument as to why the plaintiffs lack jurisdiction under 28 U.S.C.A. § 1346(a)(2) and 39 U.S.C. § 409 is not fatal to their motion to dismiss. The party seeking to invoke the court's jurisdiction has the burden of showing that jurisdiction is proper. *See Kontos v. United States Dep't of Labor,* 826 F.2d 573, 576 (7th Cir.1987); *Westwood Promotions, Inc. v. United States Postal Serv.,* 718 F.Supp. 690, 692 (N.D.Ill.1989); *Marks v. Turnage,* 680 F.Supp. 1241, 1243 (N.D.Ill.1988).

■ One of the statutes upon which the plaintiffs rely is 39 U.S.C. § 409, "[s]uits by and against the Postal Service." Section 409(a) provides that the "United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a). However, § 409(c) clearly states that the "provisions of title 28 relating to tort claims [the FTCA] shall apply to tort claims arising out of activities of the Postal Service." *Id.* at § 409(c). This suit is about a traffic accident involving Mrs. Jenssen and Diamond while Diamond was working for the Postal Service. A suit involving a traffic accident is certainly a tort claim. Accordingly, we find that 39 U.S.C. § 409 does not in and of itself allow for the Postal Service to be

sued in its own name under the circumstances alleged in the plaintiffs' complaint.

■ Plaintiffs' other claimed jurisdictional basis, 28 U.S.C.A. § 1346(a)(2), fails to confer jurisdiction for several reasons, all of which are obvious from the wording of the statute. Section 1346(a)(2) states that:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

. . . .

(2) Any ... civil action or claim *against the United States, not exceeding $10,000 in amount,* founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in *cases not sounding in tort. . . .*

28 U.S.C.A. § 1346(a)(2) (emphasis added).

This statute precludes jurisdiction in cases where the amount of damages sought exceeds $10,000. The plaintiffs' complaint asks for damages in *excess* of $15,000, and since they sought $151,000 in the administrative claim, it seems likely that they seek damages here well in excess of $15,000. Moreover, even if they had only asked for $10,000, the statute would still not confer jurisdiction on this court. This is clearly an action sounding in tort, and § 1346(a)(2) applies only in cases for damages "not sounding in tort." *Id.* We find that plaintiffs have utterly failed to meet their burden of establishing that the court's jurisdiction is proper in this case. Accordingly, we hereby dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

### IV. Jurisdiction over Diamond or the Postal Service Under 28 U.S.C.A. §§ 1346(b)(1), 2671

Since the defendants have addressed their motion to dismiss as if the plaintiffs had (properly) claimed jurisdiction under 28 U.S.C.A. § 1346(b)(1), we will now address the merits of those arguments in an effort to preclude a senseless refiling of this suit. We will then, for the same reasons of judi-

cial economy, examine whether the United States (the proper defendant in this type of action) can be added at this point of the litigation.

A. *Herbert Jenssen's Standing*

■ It appears that Mr. Jenssen never filed an administrative complaint in his own name with the Postal Service. Section 2675(a) of title 28 clearly states that a party may not bring suit against the government "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency...." 28 U.S.C.A. § 2675(a) (Supp.1990). Mr. Jenssen's failure to meet the requirements of § 2675(a) precludes any claim by him against the government.

B. *Jurisdiction over Diamond*

■ To determine whether Diamond is a proper defendant in this case, we turn our attention to § 2679(b)(1) of the FTCA, which provides:

The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C.A. § 2679(b)(1) (Supp.1990).

Section 2679(b)(1) provides Postal Service employees with immunity from suit when-

ever they are involved in an automobile accident, provided that they were acting within the scope of their employment. *See Nasuti v. Scannell*, 792 F.2d 264, 265–66 (1st Cir.1986) (applying § 2679(b)[3]); *Chambly v. Lindy*, 601 F.Supp. 959, 961 (N.D. Ind.1985) (same); *Leddy v. United States Postal Serv.*, 525 F.Supp. 1053, 1054 (E.D. Pa.1981) (same); *Stewart v. United States*, 503 F.Supp. 59, 61 (N.D.Ill.1980) (same), *aff'd*, 655 F.2d 741 (7th Cir.), *aff'd without opinion*, 659 F.2d 1084 (7th Cir.1981); *see also Quinlan v. United States Postal Serv.*, No. 89 C 5748, 1989 WL 88255 (N.D. Ill. July 26, 1989) (1989 U.S.Dist. LEXIS 8994) (applying § 2679(b)(1)). A government employee is only liable when she has acted beyond the scope of her employment. However, the plaintiffs' pleadings fail to allege that Diamond was not acting within the scope of her employment. Instead, the pleadings seem to emphasize that Diamond was acting pursuant to her job. Moreover, on January 31, 1991, an assistant United States attorney certified that Diamond was acting within the scope of her employment, thus effectively precluding suit against her. *See Nasuti*, 792 F.2d at 265. Thus, we find that pursuant to the dictates of 28 U.S.C.A. § 2679(b)(1), Diamond is not a proper party to this suit and is hereby dismissed.

C. *Jurisdiction over the Postal Service*

■ The FTCA requires that all actions involving the Postal Service sounding in tort must be brought directly against the United States and not against the Postal Service. *See, e.g., Stewart*, 503 F.Supp. at 61 ("an agency cannot be sued in its own name"); *see also Dilg v. United States Postal Serv.*, 635 F.Supp. 406, 407 (D.N.J. 1986). A suit against an agency of the United States government is not a suit against the United States itself. *See, e.g., Martin's Food & Liquor, Inc. v. United States Dep't of Agriculture*, 702 F.Supp. 215, 216 (N.D.Ill.1988) ("'[a] suit against

**3.** Prior to amendment in 1988, § 2679(b) provided that:

The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Govern-

ment of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee of his estate whose act or omission gave rise to the claim. 28 U.S.C. § 2679(b) (1988).

[a] federal agency[ ] is not a suit against the United States of America'") (quoting *Lopez v. United States Dep't of Agriculture*, No. 83 C 6191, slip op. at 2 (N.D.Ill. May 3, 1984)). Since the FTCA clearly provides that a suit against the United States is the exclusive remedy in cases like this, we dismiss the claim against the United States Postal Service.

### V. Potential Amendment to Name United States as Defendant

 Having dismissed the two parties who were wrongfully named as defendants in this action, we now turn our attention to the question of whether the proper party, the United States of America, can be added at this late date. Since the statute of limitations on this action has already run, the plaintiffs' only hope of adding the United States would be to do so pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.[4] Rule 15(c) allows a plaintiff to add a new defendant and have the date of that amendment "relate back" to the date the original action was filed, thus avoiding the statute of limitations. Fed.R.Civ.P. 15(c). However, in order for Rule 15(c) to apply, the "new" party must have had actual notice of the action before the statute of limitations ran. *See, e.g., Hughes v. United States*, 701 F.2d 56, 58–59 (7th Cir.1982); *Stewart*, 655 F.2d at 742; *Martin's Food & Liquor*, 702 F.Supp. at 216–17.

In order for the United States to have "actual" notice, service of process must be made upon "the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named." Fed. R.Civ.P. 15(c). The statute of limitations

on this action ran on October 30, 1990. The U.S. Attorney's office did not receive a copy of the complaint until November 5, 1990, six days after the limitations period expired.

Plaintiffs cannot argue that Rule 15(c) was satisfied by the notice afforded to either the Postal Service or Diamond. With respect to the Postal Service, this court "will not impute the knowledge of a government agency to the U.S. Attorney or the U.S. Attorney General." *Williams v. United States*, 711 F.2d 893, 898 (9th Cir. 1983) (citing *Barrie v. United States*, 615 F.2d 829, 830 (9th Cir.1980)); *cf. Hughes*, 701 F.2d at 58 ("[g]overnment agencies do not merge into a monolith" for the purpose of litigation). As for the notice given to Diamond, it is ineffective since the statute only allows for such substitute service when the person served "would have been a proper defendant if named." Fed.R. Civ.P. 15(c). Since Diamond was not a proper defendant in this action, the notice given to her did not constitute notice to the United States. *See Stewart*, 655 F.2d at 742.

Thus, the United States did not receive notice of this action until after the statute of limitations had expired. Accordingly, we find that Rule 15(c) cannot be satisfied and that it is not possible to amend the plaintiffs' complaint to include the United States, the only proper party in this suit. For the foregoing reasons, the defendants' motion to dismiss the complaint is granted with prejudice. It is so ordered.

---

4. Rule 15(c) provides that:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be preju-

diced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.