961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Don R. BAKER, Plaintiff-Appellant,
v.
SMITH, Captain; Droke, Officer; DUY, Officer; Nickols,
Officer, Defendants-Appellees.
 No. 91-3301.
 United States Court of Appeals, Tenth Circuit.
 April 27, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 In June 1987, Plaintiff-Appellant, Don R. Baker, an inmate in the United States Penitentiary at Lewisburg, Pennsylvania, filed an administrative tort claim alleging property loss due to the negligent conduct of the staff at the United States Penitentiary at Leavenworth, Kansas, where Plaintiff had previously been incarcerated. This allegedly negligent conduct occurred during Plaintiff's transfer to a segregated cell. The claim was denied on July 14, 1987. On March 22, 1988, Plaintiff filed a complaint in the United States District Court for the Middle District of Pennsylvania alleging a conspiracy on the part of certain prison officials at Leavenworth to deprive him of his property by disposing of books, magazines and various research materials Plaintiff had been collecting for use in a novel. Plaintiff further complained that newspapers and magazines to which he subscribed were not forwarded from the prison in Leavenworth to the prison in Lewisburg upon his transfer. The District Court for the Middle District of Pennsylvania, finding that venue was proper only where the defendants resided or where the claim arose, transferred the case to the District Court for the District of Kansas pursuant to 28 U.S.C. § 1406(a).
 
 
 2
 The District Court for the District of Kansas held that Plaintiff's tort claim against the United States was barred by the statute of limitations set forth at 28 U.S.C. § 2401(b). Baker v. Smith, No. 88-3399-R, Memorandum and Order at 2 (D.Kan. Aug. 20, 1991) (Order). It further held that, to the extent Plaintiff's claim could be construed as an action for damages under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), Plaintiff's allegations failed to support his claim of conspiracy to deprive him of personal property. Order at 3. Observing that under Bivens, conclusory allegations of a deprivation of a constitutional right are insufficient to state a cause of action, the court found that:
 
 
 3
 Plaintiff's complaint fails to identify either how or which defendants were responsible for the alleged destruction of his property ... and there is no evidence that reasonably supports a claim of a conspiracy by the named defendants to interfere intentionally with plaintiff's personal property or otherwise to deprive him of any constitutional right.
 
 
 4
 Order at 4. Alternatively, the district court held that by signing a form stating that all personal property had been returned to him, without complaining of any discrepancy, loss or damage to that property, Plaintiff had waived any claim regarding property damage or destruction. Id. at 5. We affirm.
 
 
 5
 The applicable limitations period for tort claims against the United States is set forth at 28 U.S.C. § 2401(b):
 
 
 6
 A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
 
 
 7
 Here, Plaintiff's claim was denied on July 14, 1987. He did not file suit in the District Court for the Middle District of Pennsylvania until March 1988, well after the six-month limitations period. In an effort to remedy this defect, Plaintiff contends that he was granted a continuance by the District Court for the Middle District of Pennsylvania which was overlooked by the District Court for the District of Kansas.
 
 
 8
 Our search of the record reveals no such grant of continuance by the district court in Pennsylvania. Indeed, the docket sheet from that court does not contain an entry for either Plaintiff's purported Motion for a Continuance to File Civil Action, nor for any order granting such motion. Plaintiff apparently concludes that by allowing his complaint to be filed late, the Pennsylvania court implicitly waived the need to comply with the applicable statute of limitations. This conclusion is in error. "[T]he statute of limitations under the Federal Tort Claims Act is jurisdictional in nature and is not subject to equitable considerations such as waiver and estoppel." Stewart v. United States, 503 F.Supp. 59, 63 (N.D.Ill.1980), aff'd, 659 F.2d 1084 (7th Cir.1981). See also Bradley v. United States, 951 F.2d 268, 270 (10th Cir.1991).
 
 
 9
 We also agree with the district court that Plaintiff's allegations fail to support his claim of constitutional injury arising from a conspiracy to deprive him of personal property. "To state a constitutional claim, plaintiff must do more than simply state a conclusion or engage in 'artful pleading.' " Blinder, Robinson & Co., v. SEC, 748 F.2d 1415, 1419 (10th Cir.1984), cert. denied, 471 U.S. 1125 (1985) (quoting Butz v. Economou, 438 U.S. 478, 507 (1978)). Unsupported allegations, devoid of factual bases to support them, are insufficient to sustain a claim of conspiracy on the part of prison officials to deprive Plaintiff of constitutional rights. See Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir.1977). Plaintiff points to no facts supporting the existence of a conspiracy on the part of prison officials to deprive him of his property. Indeed, Plaintiff himself signed a receipt for his property when he was released from segregation in March 1987, failing to note any missing or damaged property on the form.
 
 
 10
 The judgment of the District Court for the District of Kansas is AFFIRMED.[1]
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff's Motions to Proceed In Forma Pauperis on appeal and to Amend Appellant's Opening Brief are GRANTED. Plaintiff's Emergency Motion, Motion to Order Present Custodians to Release Appellant's Legal Property Within 21-days, or Face Civil Contempt, and Request for Return of Legal Materials or Stay of Proceedings are DENIED