25-357-cv
*Fiermonte v. Deonarain*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-six.

Present:

        JOHN M. WALKER, JR.,
        ROBERT D. SACK,
        EUNICE C. LEE,
            *Circuit Judges.*

---

GINO FIERMONTE,

        *Plaintiff-Appellant,*

      v.                                 No. 25-357-cv

VASHTI DEONARAIN,

        *Defendant-Cross-Defendant-Appellee.*[*]

---

For Plaintiff-Appellant:                       BRIAN J. ISAAC, Pollack, Pollack, Issac & DeCicco, LLP, New York, NY.

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

For Defendant-Cross-Defendant-Appellee:

DIANE C. LEONARDO (Varuni Nelson, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Central Islip, NY.

Appeal from a January 24, 2025 order of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED**, and the action is **REMANDED** for further proceedings consistent with this order.

Appellant Gino Fiermonte brought negligence claims in New York state court against Appellee Vashti Deonarain, an employee of the Federal Aviation Administration ("FAA"), as well as several other defendants, based on a workplace accident on September 8, 2021, at Long Island MacArthur Airport in which Fiermonte sustained injuries. Deonarain, the sole defendant in the case employed by the federal government, removed the case to federal court on the basis that federal courts have exclusive jurisdiction over tort claims brought against the United States under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 1346(b), and that, pursuant to the Westfall Act, any claims brought against federal employees for actions taken in the scope of their employment are in fact claims against the United States, *see* 28 U.S.C. § 2679(c)–(d). Reasoning that Fiermonte's claims against Deonarain were not timely filed in federal court pursuant to the FTCA, the district court dismissed the claims against Deonarain for lack of subject-matter

2

jurisdiction.   Fiermonte timely appealed. [2]   We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

## BACKGROUND

On September 8, 2021, while working with a coworker to repair a runway sign at Long Island MacArthur Airport, Fiermonte and a coworker were electrocuted.   Tragically, his coworker was killed as a result of this incident.   On November 10, 2022, Fiermonte filed a complaint in New York state court to recover damages for personal injuries he suffered as a result of the electrocution.   In April 2023, while the state court proceedings were ongoing, Fiermonte submitted an administrative claim to the FAA, in which he alleged that "FAA employees" negligently "failed to de-energize the field/area" where he and his coworker were repairing the runway sign.   App'x at 554.   This failure to cut the power supply in turn resulted in "severe and permanent personal injuries" to Fiermonte and the death of his coworker.   *Id.*   A few weeks later, the FAA sent Fiermonte a letter denying his administrative claim, and stating that Fiermonte could "initiate action in an appropriate United States District Court, pursuant to the provisions of the Federal Tort Claims Act . . . not later than 6 months after the date of mailing of this notification."   *Id.* at 575.

On February 12, 2024, within that six-month window, Fiermonte filed an amended complaint in the state court action that for the first time named Deonarain as a defendant and

---

[2] In addition to Deonarain, Fiermonte named the Town of Islip, the Long Island Power Authority, and several professional services firms that helped to design, construct, and/or manage MacArthur Airport, as defendants in his amended complaint.   After the amended complaint was removed to federal court, several of the defendants brought cross-claims against their co-defendants, including Deonarain, for indemnification.   When the district court dismissed Fiermonte's amended complaint, it also dismissed the cross-claims.   The only issue on appeal here, however, is the dismissal of Fiermonte's claims against Deonarain.

further alleged that on the date of the underlying incident, Deonarain, an air traffic controller, was acting within the scope of her employment with the FAA when she failed to turn off the power supply to the area where Fiermonte was working, thereby causing his injuries and his coworker's death. After receiving notice of the amended complaint, the United States Attorney's Office for the Eastern District of New York sent Fiermonte's counsel an email on March 6, 2024, asking whether Fiermonte "would be willing to voluntarily dismiss [Deonarain] from th[e] state action since [his] claims" of purported negligence by a federal employee acting in the scope of federal duty "can only be brought in federal court under the FTCA against the United States [under] 28 U.S.C. 2679(d)(1)." *Id.* at 579. Fiermonte declined to do so.

On April 12, 2024, the United States removed the case to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). On April 30, 2024, the United States filed a letter requesting a pre-motion conference in advance of filing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). With the pre-motion conference letter, Deonarain attached a document dated that same day, entitled "Certification of Scope of Employment and Notice of Substitution of United States of America for Vashti Deonarain." App'x at 374–75. The document certified that "[p]ursuant to 28 U.S.C. § 2679(d)(2) . . . on the basis of the information now available with respect to the incidents alleged in the Amended Complaint, Defendant Vashti Deonarain was acting within the scope of her employment as a federal employee at the time of the incidents out of which the claims alleged in the Amended Complaint arose." *Id.* at 374. Accordingly, the government sought to be substituted, by operation of law, as a party in place of Deonarain. Fiermonte responded to the pre-motion conference request, and at the ensuing pre-motion conference, the district court deemed

4

Deonarain's motion to dismiss made, and dismissed the claims against Deonarain on derivative jurisdiction grounds, reasoning that the court "lack[ed] jurisdiction over the claims brought by [Fiermonte] against the federal employee and by extension against the United States because of failure to comply with the Federal Tort Claims Act requisites in an appropriate manner." App'x at 658. In a subsequent order addressing cross-claims not at issue on appeal, the district court reaffirmed that it had dismissed Fiermonte's claims against Deonarain "for lack of subject matter jurisdiction based on the late filing [of the amended complaint after exhaustion of Fiermonte's administrative remedies], as well as on the doctrine of derivative jurisdiction." *Fiermonte v. Airport Design Consultants, Inc.*, No. 24-CV-2749, 2025 WL 296533, at *1 (E.D.N.Y. Jan. 24, 2025).

## STANDARD OF REVIEW

When a "defendant moves for dismissal under Rule 12(b)(1) . . . as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject-matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155–56 (2d Cir. 1993) (quoting *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)) (internal quotation marks omitted). "In an appeal from a dismissal for lack of subject matter jurisdiction, [this Court] review[s] the district court's factual findings for clear error and its legal conclusions *de novo.*" *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (per curiam) (internal quotation marks omitted).

5

**DISCUSSION**

**I.     Jurisdiction**

The district court erred in dismissing Fiermonte's claims against Deonarain for lack of subject-matter jurisdiction.    The district court cited two reasons for why it lacked jurisdiction: (1) Fiermonte's failure to abide by the FTCA's timing requirements, which require a claimant to present their claim to the appropriate federal agency within two years of the claim's accrual, and then file a lawsuit within six months of the agency's final decision, 28 U.S.C. § 2401(b); and (2) the doctrine of derivative jurisdiction, which requires district courts to "dismiss a complaint if the state court from which the case was removed lacked jurisdiction," *Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 863 (2d Cir. 1986), *abrogated on other grounds by Marcus v. AT&T Corp.*, 138 F.3d 46, 55 (2d Cir. 1998).    Neither of these rationales hold water.

First, the Supreme Court has held that the FTCA's timing requirements under 28 U.S.C. § 2401(b) are nonjurisdictional.    *See United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015); *see also Torres v. United States*, 612 F. App'x 37, 41 (2d Cir. 2015) (holding that "although the district court was correct that the statute of limitations bars Torres's FTCA claim, that conclusion requires a dismissal on substantive, not jurisdictional, grounds" in light of *Kwai Fun Wong*). Thus, assuming that Fiermonte did not comply with Section 2401(b)'s timing requirements, that alone is no basis for dismissal for lack of subject-matter jurisdiction.

Second, the doctrine of derivative jurisdiction does not require dismissal of this case, because the state court had jurisdiction over Fiermonte's claims at the time of removal.    As explained above, "a district court must dismiss a complaint if the state court from which the case was removed lacked jurisdiction."    *Nordlicht*, 799 F.2d at 863.    But at the time Deonarain

6

removed the suit from state court, the federal government had not yet certified that, for the purposes of this lawsuit, Deonarain was a federal employee acting within the scope of her employment. *See* App'x at 374–75 (certifying Deonarain's federal employment status some three weeks *after* removal). As a result, the state court had not yet been divested of jurisdiction under the Westfall Act, 28 U.S.C. § 2679(d)(2). As this Court recently explained, "it is the certification itself that prompts the removal [to federal court] in the first instance. Without certification, there is no removal." *Carroll v. Trump*, 148 F.4th 110, 116 (2d Cir. 2025); *see also* 28 U.S.C. § 2679(d)(2) ("*Upon certification* by the Attorney General that the defendant employee was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial . . . to the district court of the United States[.]" (emphasis added)). Because certification had not yet taken place at the time of removal, the state court still had jurisdiction, and dismissal on the grounds of derivative jurisdiction was not proper.

## II. Failure to State a Claim

Next, we consider whether dismissal was proper for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) based on Fiermonte's purported failure to abide by the FTCA's timing requirements. Section 2401(b) of the FTCA requires that a plaintiff commence an "action" within six months of exhausting their administrative remedies. 28 U.S.C. § 2401(b). However, the statute is silent on whether the action must be filed in federal court or, alternatively, whether a complaint initially filed in state court within the six-month time period and then later removed to federal court—as was the case here—may nonetheless satisfy Section 2401(b).

7

Four circuit courts have adopted conflicting positions on this question. The Fourth and Fifth Circuits have held that commencing a suit in state court does not "toll[] the [FTCA's] six-month limitations period" because "state courts have no jurisdiction to hear even properly exhausted tort claims against the United States." *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 903 (5th Cir. 1987); *see also Henderson v. United States*, 785 F.2d 121, 126 (4th Cir. 1986) (same). The Seventh and Ninth Circuits have adopted the contrary position. *See McGowan v. Williams*, 623 F.2d 1239, 1244 (7th Cir. 1980) (holding that "an action brought against a federal [defendant] in state court within the [six month] time limitation of 28 U.S.C. § 2401(b) is timely for purposes of the Federal Tort Claims Act when the action is removed to federal court"); *see also Staple v. United States*, 740 F.2d 766, 769-70 (9th Cir. 1984) (same).[3]

Considering the divided authority and limited briefing on this issue, we think that it is prudent to remand the Section 2401(b) question to the district court. Though this panel is "empowered to affirm a district court's decision on a theory not considered below, it is our distinctly preferred practice to remand such issues for consideration by the district court in the first instance," particularly when "such theories have been briefed and argued only cursorily in this Court." *Schonfeld v. Hilliard*, 218 F.3d 164, 184 (2d Cir. 2000).

Accordingly, we **VACATE** the district court's dismissal of Fiermonte's amended complaint, to the extent that it relied on Fed. R. Civ. P. 12(b)(1) and the derivative jurisdiction

---

[3] We note that this quartet of cases predated the Westfall Act. On remand, the district court may consider whether the reasoning of *Kelley v. United States*, 568 F.2d 259 (2d Cir. 1978), applies here, or whether the Westfall Act renders it "unnecessary." *Celestine v. Mount Vernon Neighborhood Health Cntr.*, 403 F.3d 76, 83 (2d Cir. 2005); *see also id.* at 84 ("Given this and other like possibilities, we cannot say that *Kelley* has been entirely superseded by the Westfall Act.").

doctrine. We **REMAND** for the district court to consider whether Fiermonte satisfied Section 2401(b)'s requirement to commence an "action" within six months of exhausting administrative remedies when he filed his complaint in state, not federal, court. If not, the district court shall consider whether Fiermonte qualifies for equitable tolling. *See Kwai Fun Wong*, 575 U.S. at 420 (holding that Section 2401(b) is a non-jurisdictional claim-processing rule).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9